**MILWAUKEE COUNTY v. M. E. WHITE CO.**

No. 5322.

Circuit Court of Appeals, Seventh Circuit.
Feb. 12, 1936.

James E. Finnegan, Atty. Gen., Herbert H. Naujoks, Asst. Atty. Gen., and William A. Zabel, Dist. Atty., O. L. O'Boyle, Corp. Counsel, and Clark J. A. Hazelwood, Asst. Corp. Counsel, all of Milwaukee, Wis., and James G. Culbertson, of Chicago, Ill., for appellant.

Irving Herriott and W. Ward Smith, both of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and ALSCHULER, Circuit Judges.

ALSCHULER, Circuit Judge.

The appeal is from an order of the District Court for the Northern District of Illinois, dismissing for want of jurisdiction an action there brought by Milwaukee County, Wis., against M. E. White Company, an Illinois corporation. The ground of federal jurisdiction is diversity of citizenship, and the basis of the action is a judgment which had been rendered in a court of competent jurisdiction of Milwaukee County, Wis., against appellee in the sum of $52,156.84, predicated upon an income tax assessed by the state of Wisconsin against appellee upon its income from business it had transacted in that state.

Upon the hearing of the appeal, this court, pursuant to section 239 of the Judicial Code, 28 U.S.C. § 346 (28 U.S.C.A. § 346), certified to the Supreme Court of the United States the following question:

Should a United States District Court in and for the state of Illinois, having jurisdiction of the parties, entertain jurisdiction of an action therein brought, based upon a valid judgment for over $3,000 rendered by a court of competent jurisdiction in the state of Wisconsin against the same defendant, which judgment was predicated upon an income tax due from the defendant to the state of Wisconsin?

The Supreme Court rendered its opinion (56 S.Ct. 229, 80 L.Ed. ——) on December 9, 1935, answering the question "Yes"; and its mandate accordingly was duly issued, and was received and filed in this court January 20, 1936.

It is therefore apparent that the District Court erred in dismissing the cause for want of jurisdiction thereof. Accordingly the order of dismissal of the District Court is reversed, and the cause is remanded to that court with direction to entertain jurisdiction thereof and to make suitable orders for further pleading and progress therein not inconsistent with the opinion and mandate of the Supreme Court.