## MILWAUKEE COUNTY *v.* M. E. WHITE CO.

No. 32. Argued November 12, 13, 1935.—Decided December 9, 1935.

*Mr. Herbert H. Naujoks,* Assistant Attorney General of Wisconsin, and *Mr. Clark J. A. Hazelwood,* with whom *Mr. James E. Finnegan,* Attorney General, and *Mr. O. L. O'Boyle* were on the brief, for Milwaukee County.

*Mr. Irving Herriott,* with whom *Mr. W. Ward Smith* was on the brief, for M. E. White Co.

MR. JUSTICE STONE delivered the opinion of the Court.

This case comes here under § 239 of the Judicial Code, 28 U. S. C. 346, on certificate of the Court of Appeals for the Seventh Circuit, which presents a question of law concerning which the instructions of this Court are desired for the proper decision of the case.

The relevant facts, as stated by the certificate, are that the appellant, Milwaukee County, a county and citizen of Wisconsin, brought suit in the District Court for Northern Illinois against M. E. White Company, appellee,

a corporation and citizen of Illinois, to recover on a judgment for $52,165.84, which appellant had duly recovered and entered against the appellee in the Circuit Court of Milwaukee County, Wisconsin, a court of general jurisdiction. The judgment is said to be for taxes duly assessed against appellee, under Wisconsin statutes, upon income received from its business transacted within the state under state license. The district court dismissed the cause on the ground that, as the suit was in substance brought to enforce the revenue laws of Wisconsin, it could not be maintained in the district court in Illinois.

The question certified is as follows:

" Should a United States District Court in and for the State of Illinois, having jurisdiction of the parties, entertain jurisdiction of an action therein brought, based upon a valid judgment for over $3,000 rendered by a court of competent jurisdiction in the State of Wisconsin against the same defendant, which judgment was predicated upon an income tax due from the defendant to the State of Wisconsin?"

Appellee insists that the question should be answered in the negative (1) because such a suit is not within the judicial power conferred upon district courts by the Constitution and laws of the United States, and (2) because a judgment for taxes constitutes an exception to the requirement of the Constitution and statutes of the United States that full faith and credit be given in each state to the public acts and judicial proceedings of every state.

1. By § 24 of the Judicial Code, 28 U. S. C., § 31, district courts are given original jurisdiction " of all suits of a civil nature at common law or in equity," where there is the requisite diversity of citizenship and the amount in controversy exceeds $3,000. In this grant of jurisdiction of causes arising under state as well as federal law the phrase " suits of a civil nature " is used in contradistinction to " crimes and offenses," as to which the juris-

diction of the district courts is restricted by § 24 (2) to offenses against the United States. Thus suits of a civil nature within the meaning of the section are those which do not involve criminal prosecution or punishment, and which are of a character traditionally cognizable by courts of common law or of equity. Such are suits upon a judgment, foreign or domestic, for a civil liability, of a court having jurisdiction of the cause and of the parties, which were maintainable at common law upon writ of debt, or of *indebitatus assumpsit*.[1]

Even if the judgment is deemed to be colored by the nature of the obligation whose validity it establishes and we are free to reëxamine it and, if we find it to be based on an obligation penal in character, to refuse to enforce it outside the state where rendered, see *Wisconsin* v. *Pelican Insurance Co.*, 127 U. S. 265, 292, *et seq.;* compare *Fauntleroy* v. *Lum*, 210 U. S. 230, still the obligation to pay taxes is not penal. It is a statutory liability, *quasi*-contractual in nature, enforcible, if there is no exclusive statutory remedy, in the civil courts by the common law action of debt or *indebitatus assumpsit*. *United States* v. *Chamberlin*, 219 U. S. 250; *Price* v. *United States*, 269 U. S. 492; *Dollar Savings Bank* v. *United States*, 19 Wall. 227; and see *Stockwell* v. *United States*, 13 Wall. 531, 542; *Meredith* v. *United States*, 13 Pet. 486, 493. This was the rule established in the English courts before the Declaration of Independence. *Attorney General* v. *Weeks*, Bunbury's Exch. Rep. 223; *Attorney General* v. *Jewers and Batty, id.*, 225; *Attorney General* v. *Hatton*,

---

[1] *Horsy* v. *Daniel*, 2 Lev. 161; 1 Marsh. 284; *Prince* v. *Nicholson*, 5 Taunt. 665; *Hall* v. *Odber*, 11 East. 118; *Lyman* v. *Brown*, 2 Curtis 559, 561; *Taylor* v. *Bryden*, 8 Johns. 173; *Russell* v. *Smyth*, 9 M. & W. 810; *Andrews* v. *Montgomery*, 19 Johns. 162; *Boston India Rubber Co.* v. *Hoit*, 14 Vt. 92; *Carter* v. *Crews*, 2 Port. (Ala.) 81; *Belford* v. *Woodward*, 158 Ill. 122; *Cole* v. *Driskell*, 1 Blackf. (Ind.) 16; see 1 Chitty on Pleading, 115; 2 Freeman on Judgments, § 1515.

*id.,* 262; *Attorney General* v. —, 2 Ans. Rep. 558; See Comyn's Digest (Title "Dett," A, 9); 1 Chitty on Pleading, 123; cf. *Attorney General* v. *Sewell,* 4 M. & W. 77.

The objection that the courts in one state will not entertain a suit to recover taxes due to another or upon a judgment for such taxes, is not rightly addressed to any want of judicial power in courts which are authorized to entertain civil suits at law. It goes not to the jurisdiction but to the merits, and raises a question which district courts are competent to decide. See *Illinois Central R. Co.* v. *Adams,* 180 U. S. 28; *General Investment Co.* v. *New York Central R. Co.,* 271 U. S. 228, 230; *Becker Steel Co.* v. *Cummings, ante,* p. 74.

That defense is without merit if full faith and credit must be given the judgment. But even if full faith and credit is not commanded there is nothing in the Constitution and laws of the United States which requires a court of a state to deny relief upon a judgment because it is for taxes. A state court, in conformity to state policy, may, by comity, give a remedy which the full faith and credit clause does not compel. *Young* v. *Masci,* 289 U. S. 253; *Bond* v. *Hume,* 243 U. S. 15; cf. *Tennessee Coal, Iron & R. Co.* v. *George,* 233 U. S. 354; *Clark Plastering Co.* v. *Seaboard Surety Co.,* 259 N. Y. 424; 182 N. E. 71; *Herrick* v. *Minneapolis & St. Louis Ry. Co.,* 31 Minn. 11; 16 N. W. 413; *Healy* v. *Root,* 11 Pick. (Mass.) 389; *Schuler* v. *Schuler,* 209 Ill. 522; 71 N. E. 16. A suit to recover taxes due under the statutes of another state has been allowed without regard to the compulsion of the full faith and credit clause. *Holshouser* v. *Copper Co.,* 138 N. C. 248; 50 S. E. 650. The privilege may be extended by statute. See N. Y. Laws, 1932, c. 333. Where suits to enforce the laws of one state are entertained in the courts of another on the principle of comity, the federal district courts sitting in that state may entertain them and should if they do not infringe federal law

or policy. *Union Trust Co.* v. *Grossman,* 245 U. S. 412, 418; *Bond* v. *Hume, supra; Northern Pacific R. Co.* v. *Babcock,* 154 U. S. 190, 197, 198; *Dennick* v. *Railroad Co.,* 103 U. S. 11; see *Bradford Electric Light Co.* v. *Clapper,* 286 U. S. 145, 161.

2. The faith and credit required to be given to judgments does not depend on the Constitution alone. Article IV, § 1, not only commands that "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state" but it adds "Congress may, by general laws, prescribe the manner in which such acts, records and proceedings shall be proved and the effect thereof." And Congress has exercised this power, by Act of May 26, 1790, c. 11, 28 U. S. C. 687, which provides the manner of proof of judgments of one state in the courts of another, and specifically directs that judgments "shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken."

Such exception as there may be to this all-inclusive command is one which is implied from the nature of our dual system of government, and recognizes that consistently with the full faith and credit clause there may be limits to the extent to which the policy of one state, in many respects sovereign, may be subordinated to the policy of another. That there are exceptions has often been pointed out, *Broderick* v. *Rosner,* 294 U. S. 629, 642; *Alaska Packers Assn.* v. *Industrial Accident Comm'n,* 294 U. S. 532, 546; *Bradford Electric Light Co.* v. *Clapper, supra,* 160; *Huntington* v. *Attrill,* 146 U. S. 657, 663; *Wisconsin* v. *Pelican Insurance Co.,* 127 U. S. 265, 293; and in some instances decided. See *Haddock* v. *Haddock,* 201 U. S. 562; *Maynard* v. *Hill,* 125 U. S. 190; *Hood* v. *McGehee,* 237 U. S. 611; *Olmsted* v. *Olmsted,* 216 U. S. 386; *Fall* v. *Eastin,* 215 U. S. 1. Without attempting to

say what their limits may be, we assume for present purposes that the command of the Constitution and of the statute is not all-embracing a̶nd direct our inquiry to the question whether a state to which a judgment for taxes is taken may have a policy against its enforcement meriting recognition as a permissible limitation upon the full faith and credit clause. Of that question this Court is the final arbiter. See *Alaska Packers Assn.* v. *Industrial Accident Comm'n, supra,* 547; *Bradford Electric Light Co.* v. *Clapper, supra,* 157–162.

It is said that in answering it the court should examine the record which supports the judgment and refuse to give credit to the judgment, if the cause of action upon which it is founded is one which it would not enforce, and appellee urges that a suit for taxes imposed by state statute will not be entertained outside the taxing state. It has often been said,[2] and in a few cases held,[3] that statutes imposing taxes are not entitled to full faith and credit. Other obligations to pay money arising under the statutes of one state must be given recognition in courts of another. *Converse* v. *Hamilton,* 224 U. S. 243; *Broderick* v. *Rosner, supra; Bradford Electric Light Co.* v. *Clapper, supra.* But it is insisted that to this rule taxing statutes constitute an exception, analogous to that relat-

---

[2] *Henry* v. *Sargeant,* 13 N. H. 321; *Gulledge Bros. Lumber Co.* v. *Wenatchee Land Co.,* 122 Minn. 266; 142 N. W. 305; *Colorado* v. *Harbeck,* 232 N. Y. 71; 133 N. E. 357; *James & Co.* v. *Second Russian Insurance Co.,* 239 N. Y. 248, 257; 146 N. E. 369; *Matter of Martin,* 255 N. Y. 359, 362; 174 N. E. 753; *Beadall* v. *Moore,* 199 App. Div. 531; 191 N. Y. S. 826; cf. *Municipal Council of Sydney* v. *Bull* [1909], 1 K. B. 7; *Queen of Holland* v. *Drukker* [1928], Ch. 877; *Attorney General of Canada* v. *Schulze & Co.,* 9 Sc. L. T. Rep. 4.

[3] *Moore* v. *Mitchell,* 30 F. (2d) 600 (C. C. A. 2d); affirmed on another ground, 281 U. S. 18; *Matter of Bliss,* 121 Misc. 773; 202 N. Y. S. 185; *Matter of Martin,* 136 Misc. 51; 240 N. Y. S. 393; *Maryland* v. *Turner,* 75 Misc. 9; 132 N. Y. S. 173. *Contra, Holshouser* v. *Copper Co.,* 138 N. C. 248; 50 S. E. 650.

ing to penal laws, because the courts of one state should not be called upon to scrutinize the relations of a foreign state with its own citizens, such as are involved in its revenue laws, and thus commit the state of the forum to positions which might be seriously embarrassing to itself or its neighbors. See *Moore* v. *Mitchell*, 30 F. (2d) 600, 602, 604; Beale, Conflict of Laws, § 610.1.

Whether one state must enforce the revenue laws of another remains an open question in this Court. See *Moore* v. *Mitchell*, 281 U. S. 18, 24. But we do not stop to inquire whether the considerations which have been thought to preclude the enforcement of the penal laws of one state in the courts of another are applicable to taxing statutes; or whether the mere possibility of embarrassment in their enforcement should stay the hand of the court of another state in cases where in fact such embarrassment will not occur. For present purposes we will assume that the courts of one state are not required to entertain a suit to recover taxes levied under the statutes of another and confine our inquiry to the single question whether they must nevertheless give full faith and credit to judgments for such taxes.

A cause of action on a judgment is different from that upon which the judgment was entered. In a suit upon a money judgment for a civil cause of action the validity of the claim upon which it was founded is not open to inquiry, whatever its genesis. Regardless of the nature of the right which gave rise to it, the judgment is an obligation to pay money in the nature of a debt upon a specialty. Recovery upon it can be resisted only on the grounds that the court which rendered it was without jurisdiction, *Pennoyer* v. *Neff*, 95 U. S. 714; *D'Arcy* v. *Ketchum*, 11 How. 165; *Tilt* v. *Kelsey*, 207 U. S. 43; or that it has ceased to be obligatory because of payment or other discharge; *Anderson* v. *Clark*, 70 Ga. 362; *Haggerty* v. *Amory*, 7 Allen (Mass.) 458; *First Nat. Bank* v.

*Hahn,* 197 Mo. App. 593; 198 S. W. 489; *Revere Copper
Co.* v. *Dimock,* 90 N. Y. 33; or that it is a cause of action
for which the state of the forum has not provided a court,
*Anglo-American Provision Co.* v. *Davis Provision Co.,
(No. 1),* 191 U. S. 373; compare *Kenney* v. *Supreme
Lodge,* 252 U. S. 411, unless it is compelled to do so by
the privileges and immunities clause; compare *Douglas* v.
*N. Y., N. H. & H. R. Co.,* 279 U. S. 377; *McKnett* v. *St.
Louis & S. F. Ry Co.,* 292 U. S. 230, and *Broderick* v.
*Rosner, supra;* or possibly because procured by fraud,
compare *Christmas* v. *Russell,* 5 Wall. 290; *Maxwell* v.
*Stewart,* 22 Wall. 77; *Hanley* v. *Donoghue,* 116 U. S. 1;
*Simmons* v. *Saul,* 138 U. S. 439, with *Webster* v. *Reid,* 11
How. 437; *McNitt* v. *Turner,* 16 Wall. 352; *Cole* v. *Cunningham,* 133 U. S. 107, 112.

Trial of these issues, even though the judgment be for
taxes incurred under the laws of another state, requires
no scrutiny of its revenue laws or of relations established
by those laws with its citizens, and calls for no pronouncement upon the policy of a sister state. It involves no
more embarrassment than the interstate rendition of
fugitives from justice, the constitutional command for
which is no more specific than that requiring full faith
and credit. Foreign judgments are not liens and are not
entitled to execution in the state to which they are
brought. See *McElmoyle* v. *Cohen,* 13 Pet. 312; *Cole* v.
*Cunningham, supra,* 112; cf. *Gasquet* v. *Fenner,* 247 U. S.
16; *Sistare* v. *Sistare,* 218 U. S. 1, 26. They can no more
demand priority over domestic claims for taxes than a
judgment upon a simple contract debt, which is equally
a binding obligation of the judgment debtor where rendered, and to which full faith and credit must be accorded.

We can perceive no greater possibility of embarrassment in litigating the validity of a judgment for taxes
and enforcing it than any other for the payment of
money. The very purpose of the full faith and credit

clause was to alter the status of the several states as independent foreign sovereignties, each free to ignore obligations created under the laws or by the judicial proceedings of the others, and to make them integral parts of a single nation throughout which a remedy upon a just obligation might be demanded as of right, irrespective of the state of its origin. That purpose ought not lightly to be set aside out of deference to a local policy which, if it exists, would seem to be too trivial to merit serious consideration when weighed against the policy of the constitutional provision and the interest of the state whose judgment is challenged. In the circumstances here disclosed no state can be said to have a legitimate policy against payment of its neighbor's taxes, the obligation of which has been judicially established by courts to whose judgments in practically every other instance it must give full faith and credit. Compare *Fauntleroy* v. *Lum, supra.*

In numerous cases this Court has held that credit must be given to the judgment of another state although the forum would not be required to entertain the suit on which the judgment was founded; that considerations of policy of the forum which would defeat a suit upon the original cause of action are not involved in a suit upon the judgment and are insufficient to defeat it. Full faith and credit is required to be given to the judgment of another state although the original suit on which it was based arose in the state of the forum and was barred there by the Statute of Limitations when the judgment was rendered; *Christmas* v. *Russell,* 5 Wall. 290; *Roche* v. *McDonald,* 275 U. S. 449; and where the original suit was upon a gambling contract invalid by the law of the forum where it was made; *Fauntleroy* v. *Lum, supra.* It was required where the judgment was for wrongful death, although it was thought that the statute giving the recovery was not entitled to full faith and credit. *Kenney*

v. *Supreme Lodge, supra;* compare *Converse* v. *Hamilton, supra; Broderick* v. *Rosner, supra;* see also *American Express Co.* v. *Mullins,* 212 U. S. 311.

Appellee especially relies upon the statement in the opinion of this Court in *Wisconsin* v. *Pelican Insurance Co., supra,* that (292, 293):

" The essential nature and real foundation of a cause of action are not changed by recovering judgment upon it; and the technical rules, which regard the original claim as merged in the judgment, and the judgment as implying a promise by the defendant to pay it, do not preclude a court, to which a judgment is presented for affirmative action, (while it cannot go behind the judgment for the purpose of examining into the validity of the claim,) from ascertaining whether the claim is really one of such a nature that the court is authorized to enforce it."

In that case it was held that this Court was without original jurisdiction of a suit brought by Wisconsin to recover upon a judgment obtained in its own courts for a penalty imposed by its statutes for the failure of an insurance company to file an annual report. So far as the opinion can be taken to suggest that full faith and credit is not required with respect to a judgment unless the original cause of action would have been entitled to like credit, it is inconsistent with decisions of this Court already noted and was discredited in *Fauntleroy* v. *Lum, supra,* 36, 37, and *Kenney* v. *Supreme Lodge, supra,* 414.

The precise question now presented appears to have been decided in only a single case, *New York* v. *Coe Manufacturing Co.,* 112 N. J. L. 536; 172 Atl. 198. In holding in that case that a New York judgment for taxes was entitled to full faith and credit, the New Jersey Court of Errors and Appeals pointed out that questions of the construction and application of the New York tax laws were not the subject of litigation in New Jersey, since

they had been conclusively determined by the New York judgment, which established liability for the tax.[4]

We conclude that a judgment is not to be denied full faith and credit in state and federal courts merely because it is for taxes.

We intimate no opinion whether a suit upon a judgment for an obligation created by a penal law, in the international sense, see *Huntington* v. *Attrill, supra,* 677, is within the jurisdiction of the federal district courts, or whether full faith and credit must be given to such a judgment even though a suit for the penalty before reduced to judgment could not be maintained outside of the state where imposed. See *Wisconsin* v. *Pelican Insurance Co., supra.*

The findings of the Wisconsin court, upon which the judgment in the present case was predicated, are appended as an exhibit to the certificate. They indicate that the judgment included interest and a " penalty " of

[4] The Restatement of Conflict of Laws of the American Law Institute, 1934, declares:

§ 610. " No action can be maintained on a right created by the law of a foreign state as a method of furthering its own governmental interests."
This is stated by Comment (c) to refer to claims for taxes. It also declares:

§ 443. "A valid foreign judgment for the payment of money which has been obtained in favor of a state, a state agency, or a private person, on a cause of action created by the law of the foreign state as a method of furthering its own governmental interests will not be enforced."
Comment (b) states that the enforcement of such a judgment is not required by the full faith and credit clause. But illustration 4 states that a state judgment against a foreign corporation for a stipulated fee for the privilege of doing business within the state is entitled to full faith and credit.

These conclusions should be compared with *New York* v. *Coe Manufacturing Co., supra.* See Beale, Conflict of Laws, §§ 443.1, 610.2.

2% for delinquency in payment, but the record does not disclose that the nominal penalty arose under a penal law or is of such a nature as to preclude suit to recover it outside the state of Wisconsin. See *Huntington* v. *Attrill,* 146 U. S. 657, 667, *et seq.* The certificate and question are framed on the assumption that it is not. The judgment is stated to be for taxes.

*The question is answered "yes."*

Mr. Justice McReynolds and Mr. Justice Butler think that the question should be answered "no."