## MILWAUKEE COUNTY v. M. E. WHITE CO.

### No. 42395.

District Court, N. D. Illinois, E. D.

Jan. 22, 1937.

James E. Finnegan, Atty. Gen., Herbert H. Naujoks, Asst. Atty. Gen., James G. Culbertson, of Chicago, Ill., and William A. Zabel, Dist. Atty., O. L. O'Boyle, Corp. Counsel, and Clark J. A. Hazelwood, Asst. Corp. Counsel, all of Milwaukee, Wis., for plaintiff.

Montgomery, Hart, Pritchard & Herriott, of Chicago, Ill., for defendant.

WOODWARD, District Judge.

Plaintiff, Milwaukee County, a citizen of the State of Wisconsin, brought this action against the defendant, M. E. White Company, a corporation organized and existing under the laws of the State of Illinois, and a citizen of Illinois, counting upon a judgment of the circuit court of Milwaukee county in the State of Wisconsin. The record of the judgment is set forth in full in the second amended declaration. It appears from the record of the judgment that it was for the sum of $52,156.84 and costs on account of income tax levied, assessed, and extended against the defendant under the income tax laws of the State of Wisconsin. The judgment reads:

"It is hereby ordered, determined and adjudged that the plaintiff, Milwaukee County, do have and recover judgment against the defendant, M. E. White Company, as follows:

| | |
|---|---|
| Principal amount | $49,204.84 |
| Interest and penalty | 2,952.00 |
| Total damages | $52,156.84 |

together with the plaintiff's costs hereby taxed and allowed in the sum of $21.09."

To this declaration defendant filed a general and special demurrer. The demurrer was sustained by the court and judgment was entered in favor of the defendant.

Thereupon the plaintiff appealed to the Circuit Court of Appeals. The Circuit Court of Appeals certified the following question to the Supreme Court of the United States:

"Should a United States District Court in and for the state of Illinois, having jurisdiction of the parties, entertain jurisdiction of an action therein brought, based upon a valid judgment for over $3,000 rendered by a court of competent jurisdiction in the state of Wisconsin against the same defendant, which judgment was predicated upon an income tax due from the defendant to the state of Wisconsin?"

The question was answered in the affirmative by the Supreme Court. Milwaukee County v. M. E. White Company, 296 U.S. 268, 56 S.Ct. 229, 80 L.Ed. 220. After the decision of the Supreme Court was handed down, the Circuit Court of Appeals reversed the judgment of the District Court, Milwaukee County v. M. E. White Company, 81 F.(2d) 753, and remanded the cause to the District Court, its mandate reading as follows:

"It is now here ordered and adjudged by this court that the Judgment of the said District Court in this cause be, and the same is hereby reversed with costs; and that this cause be, and the same is hereby remanded to the said District Court with directions to entertain jurisdiction thereof, and to make suitable orders for further pleadings and progress therein not inconsistent with the Opinion and Mandate of the Supreme Court."

760

Upon redocketing the cause in the District Court, the defendant filed an amended plea which averred that plaintiff's action was predicated upon a judgment rendered by the circuit court of Milwaukee county, Wisconsin, which judgment includes as a part thereof a penalty imposed upon and levied and assessed against the defendant under section 71.10 (4) (d), Wis.Stat.1931, reading as follows:

"Income taxes shall become delinquent if not paid within thirty days after the same are due as provided in this chapter, and when delinquent shall be subject to a penalty of two per cent on the amount of the tax and interest at .the rate of one per cent per month until paid, and the county treasurer shall immediately proceed to collect the same in the manner provided in section 74.29 and 74.30, and the county shall retain all such delinquent penalties and interest for such collections."

The defendant then avers that the penalty is in addition to the interest and that the action on the Wisconsin judgment is not an action of a civil nature within section 24 (1) of the Judicial Code (28 U.S. C.A. § 41 (1) and may not properly be maintained in the United States District Court sitting in the State of Illinois. The plaintiff moves to strike the defendant's plea and for judgment for the plaintiff.

The court is now passing upon the motion to strike and for judgment.

The motion must be sustained. The decisions of the Circuit Court of Appeals and of the Supreme Court of the United States have become the law of the case. The mandate of the Circuit Court of Appeals must be followed. The mandate directs the District Court "to entertain jurisdiction" of the cause.

Defendant's demurrer to plaintiff's original pleading attacked the jurisdiction of a United States District Court to adjudicate the particular controversy before the court. The argument was made that the judgment of the Wisconsin court, as disclosed by the pleading, included in part a penalty. The District Court adopted the view of the defendant and dismissed the cause. Thereupon an appeal was taken to the Circuit Court of Appeals and subsequently, by a certified question, to the Supreme Court of the United States. In both those courts the argument was made that because the record showed that a nominal penalty was included in the judgment, the Federal District Court, sitting in Illinois, was without jurisdiction. The Circuit Court of Appeals and the Supreme Court (Milwaukee County v. M. E. White Company, 296 U.S. 268, on page 279, 56 S.Ct. 229, 80 L.Ed. 220) had before them the record of the Wisconsin judgment. The record of the judgment showed that it was in part for a penalty. Both courts must have held, inferentially at least, that even though the penalty was for a nominal sum, yet, although denominated a penalty, it simply became a part of the tax and was payable with it. Westby v. Bekkedal, 172 Wis. 114, 178 N.W. 451. The Supreme Court of the United States, as well as the Circuit Court of Appeals, had the record of the Wisconsin judgment before them, and taking notice of the statutes of the State of Wisconsin, went on the assumption that the penalty was not penal in its nature and therefore the suit was one "of a civil nature, at common law or in equity," under section .24 (1) of the Judicial Code (28 U.S.C.A. 41 (1). The plea imports into the record no fact that has not heretofore been before the courts of appeal and decided adversely to the defendant.

Obedient, as the court believes, to the mandate of the Circuit Court of Appeals, the court holds that the plea to the jurisdiction cannot be entertained, and therefore that the motion to strike should be allowed.

Judgment may be entered for want of a plea.