## Natovitz v. Robinson et al.

*McTighe, Markel & Coates*, for plaintiff.

*Wright, Mauck, Hawes & Forrest*, for defendants.

KNIGHT, P. J., January 13, 1948.—This is a petition by defendants under section 7.1 of the Deficiency Judgments Act of July 16, 1941, P. L. 400, as amended by the Act of May 27, 1943, P. L. 681, sec. 1, 12 PS §2621.7a, seeking an order directing the prothonotary to mark satisfied, released and discharged a judgment entered against them under the following circumstances:

On March 1, 1930, defendants executed and delivered a bond and mortgage to Bond and Mortgage Guaranty Company in the sum of $2,750, secured upon real estate located in the State of New Jersey. Foreclosure proceedings on said mortgage were instituted on March 31, 1932, in New Jersey Chancery Court, wherein judgment was entered against defendants in the sum of $2,961.78 and costs. After due proceedings, the regularity of which is not questioned, the mortgaged property was sold at sheriff's sale on August 9, 1932, to the Bond and Mortgage Guaranty Company (execution plaintiff) for the sum of $100. Subsequently, on September 17, 1932, the sheriff conveyed the premises so sold to the mortgagee. In November 1932 the mortgagee obtained judgment against defendants by confession on the bond accompanying the mortgage, and damages were assessed in the sum of $3,206.04. On August 9, 1945, in the course of the liquidation of the Bond and Mortgage Guaranty Company, the judgment on the bond was sold at public auction to plaintiff, Abraham Natovitz, for the sum of $11, and was duly assigned to him. In January 1947 plaintiff brought an action of assumpsit in this court against defendants on an exemplified transcript of the judgment on the bond, in the course of which, on April 29, 1947, judgment was entered in favor of plaintiff and against defendants in the sum of $5,982.96.

Defendants allege, without contradiction, that no petition has been filed either by plaintiff or his assignor to fix the fair market value of the property sold in execution, and contend that they are therefore entitled to the requested relief. It also appears, though not in the petition presently before us, that defendants were merely straw parties, and received no consideration.

In his answer to the petition, plaintiff admits the allegations of fact, but avers that the Act of 1941

is applicable to and regulates only judgments arising by reason of the judicial sale of real estate situate within the Commonwealth of Pennsylvania.

Thus, there are two questions raised: (1) Where suit is brought against a resident of Pennsylvania, on a judgment from New Jersey, entered upon a bond which accompanied a foreclosed mortgage given by defendant on New Jersey real estate which was there sold to plaintiff in execution, must plaintiff fulfill the requirements of the Pennsylvania Deficiency Judgments Act of 1941. (2) In such case, would the application of the Deficiency Judgments Act offend or violate article IV, sec. 1 of the United States Constitution, which provides that "Full Faith and Credit shall be given in each State to the public Acts, Records and Judicial Proceedings of every other State"?

After a very careful consideration of the many aspects of this case, we are of the opinion that it must be disposed of by holding that we are bound to dismiss the petition by reason of the above cited provisions of the United States Constitution and also by the act of Congress enacted under the authority of that article. The Act of May 26, 1790, c. 11, 28 U. S. C. §687, specifically directs that judgments "shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken".

Here plaintiff is the owner of a judgment originally entered in New Jersey. Defendants do not contend that it would there be subject to attack of any nature, and indeed practically concede that in New Jersey the judgment is entirely valid. The gist of defendants' argument is that the Deficiency Judgments Act of 1941 merely sets up a procedure in aid of execution; that therefore it does not deprive the judgment creditor of his property without due process, nor impair the obligation of contract, for it is wholly and exclusively remedial. However, that argument

loses sight of the fact that this is not a suit on the original cause of action but a suit upon a judgment which *plaintiff* owns. It is the *judgment* which is entitled to full faith and credit under the act of Congress, and not the cause of action which gave rise to it.

In Milwaukee County v. White Co., 296 U. S. 268 (1935), it is said, at page 275:

"A cause of action on a judgment is different from that upon which the judgment was entered. In a suit upon a money judgment for a civil cause of action the validity of the claim upon which it was founded is not open to inquiry, whatever its genesis. Regardless of the nature of the right which gave rise to it, the judgment is an obligation to pay money in the nature of a debt upon a specialty. . . ."

In the Milwaukee County case the question was whether a Federal court in Illinois should entertain a suit on a judgment for taxes rendered by a State court in Wisconsin. The United States Supreme Court gave an affirmative answer, even assuming "that the courts of one State are not required to entertain a suit to recover taxes levied under the statutes of another".

Under the authority of the Milwaukee County case we cannot examine into the merits of the original cause of action. The relevant principle is thus stated in 31 Am. Jur. §535, p. 145:

"Under the full faith and credit clause of the Constitution of the United States, a judgment rendered by a court of one state is, in the courts of another state of the Union, binding and conclusive as to the merits adjudicated. It is improper to permit an alteration or re-examination of the judgment, or of the grounds on which it is based. The general rule is that if it has locally the faith and credit of evidence of the highest nature, that is to say conclusive evidence, it must have the same faith and credit in every other court, and in this respect it has been declared that

where a defendant has had full notice, the judgment is presumed to be conclusive in the state of its rendition. However, if a judgment is not conclusive in the state of its rendition, it is equally inconclusive in another state." It is unnecessary to enumerate the many cases that could be cited illustrative of that proposition.

Aside from the constitutional question, we agree with plaintiff that the Pennsylvania Deficiency Judgments Act was not intended to have any effect on real estate located and sold in execution proceedings in other States, or upon rights arising in connection therewith. It seems fundamental and elementary that no such power exists in our legislature, and the terminology of the act itself negatives any implication that the legislature was attempting to exercise such a power. The act provides for the filing of a petition by the execution plaintiff in the court having jurisdiction. This cannot reasonably be construed as referring to any court other than that where the sale of the property was held; that is the court of the county wherein the property was located. If it were the intention to have the act apply in connection with sales of foreign real estate, it would have been necessary to define the "court having jurisdiction". See Lillick v. Tatnall, 83 Pitts. L. J. 641 (1934). In addition, were the prayer of this petition granted, an anomalous situation would be created. We would have two judgments growing out of the same transaction; one in Pennsylvania being satisfied, and the other in New Jersey being in full force. The law never purposely permits such a condition.

Many sympathetic arguments could be advanced on behalf of defendants, but in view of what we have already said, we are not at liberty to consider those aspects of the case in arriving at a conclusion.

And now, January 13, 1948, for the foregoing reasons, defendants' petition to satisfy the judgment is dismissed.