Fuld, J. (dissenting).
The City of Philadelphia seeks to recover parking lot taxes, which the defendant, as a parking lot operator in that city, refused to pay. After an audit of the defendant’s books and records, the city made an assessment for taxes due. Since the defendant failed, as the applicable statute provided, to appeal to the city’s Tax Review Board, this administrative determination constitutes a binding and conclusive adjudication under Pennsylvania law. (See Philadelphia v. Bobman Dept. Store Co., 189 Pa. Super. Ct. 72.) Following the determination, but before the city had a chance to have its assessment reduced to judgment, the defendant left the State of Pennsylvania.
I agree that the full faith and credit clause does not require our courts to entertain a cause of action, based on the taxing statutes of another state, to adjudicate and determine an individual’s tax liability under the laws of such other state. (See Milwaukee County v. White Co., 296 U. S. 268, 275.) However, I am persuaded that it does compel the courts of New York to entertain the present suit. There can be no doubt that, had the defendant’s tax liability been formally translated into a judgment, it would have been entitled to full faith and credit, for, then, the tax cause of action would have been merged in the judgment and its enforcement would not involve “ scrutiny of [Philadelphia’s] revenue laws or of relations established by those laws with its citizens ”. (Milwaukee County v. White Co., 296 U. S. 268, 276-278, supra.) The same rule, it seems to me, must be applied in the case before us, for what is here sued upon is not the underlying tax liability, but a final administrative determination that has, in essence, the same force and effect as a judgment.
The Federal Constitution requires our courts to give full faith and credit “ to the public Acts, Records, and judicial Proceedings of every other State ” (U. S. Const., art. IV, § 1) and the *408 implementing legislation provides that such acts, records — nonjudicial as well as judicial — and judicial proceedings ‘‘ shall have the same full faith and credit in every court within the United States * * * as they have by law or usage in the courts of such State * * * from which they are taken ’ ’ (U. S. Code, tit. 28, §§ 1738, 1739). Whether the administrative determination in the case before us be regarded as a “ public Act ” or a “ Record ” within the meaning of the constitutional provision, it is entitled to full faith and credit if arrived at in accordance with due process. (See Magnolia Petroleum Co. v. Hunt, 320 U. S. 430, 443; Broderick v. Rosner, 294 U. S. 629, 646-647; City of New York v. Shapiro, 129 F. Supp. 149, 154; Hood v. Guaranty Trust Co., 270 N. Y. 17, 25-26; see, also, Jackson, Full Faith and Credit — The Lawyer’s Clause of the Constitution, 45 Col. L. Rev. 1,15; Abel, Administrative Determinations and Full Faith and Credit, 22 Iowa L. Rev. 461, 485; Note, 69 Harv. L. Rev. 378.) The policy considerations which led the Supreme Court to hold that a judgment for taxes, a judicial proceeding, is entitled to full faith and credit (see Milwaukee County v. White Co., 296 U. S. 268, 276-277, supra) are equally applicable. (See City of New York v. Shapiro, 129 F. Supp. 149, 154, supra.) We may not look behind the administrative determination to the underlying tax cause of action since it has been merged in the determination, and the fact that our courts would not have entertained the original cause of action is immaterial. (See, e.g., Milwaukee County v. White Co., 296 U. S. 268, 277-278, supra; Fauntleroy v. Lum, 210 U. S. 230; City of New York v. Shapiro, 129 F. Supp. 149, supra.)
I would reverse the judgment and deny the motion to dismiss the complaint.
Judges Dye, Fboessel, Van Voorhis, Burke and Foster concur with Chief Judge Desmond ; Judge Fuld dissents in a separate opinion.
Judgment affirmed.