CITY OF PHILADELPHIA, PLAINTIFF-RESPONDENT, v. GEORGE A. SMITH, JR., CHARLES W. BONNEN, JAMES L. ALESI, WILLIAM A. BERENATO, MYRL P. EVANS AND ANDREW FELIX BELLA, SR., DEFENDANTS-APPELLANTS.

Argued January 21, 1980—Decided April 2, 1980—
Certification Granted March 28, 1980.

*Lee B. Laskin* argued the cause for appellants (*Laskin & Botcheos*, attorneys; *George J. Botcheos* on the brief).

*Charles Crabbe Thomas* argued the cause for respondent.

*John L. McGoldrick* submitted a brief on behalf of *amicus curiae* New Jersey Car and Truck Rental and Leasing Association ("N. J. Catrala"). (*McCarter & English*, attorneys; *John L. McGoldrick* of counsel; *John L. McGoldrick* and *Roslyn S. Harrison* on the brief).

The opinion of the Court was delivered by

SULLIVAN, J.

This appeal by defendants presents the question whether the Full Faith and Credit Clause, *U.S. Const.*, Art. IV, § 1, requires a state to recognize that portion of a sister state's money judgment representing a civil penalty for unpaid taxes. Our conclusion is that such recognition must be given.

Defendants are New Jersey residents employed by the federal government on the naval base in Philadelphia. They are subject to the Philadelphia Wage and Net Profits Tax Ordinance (City Code § 19–508), but failed to pay the tax due under the ordinance. The federal employer did not withhold these wage taxes. See 5 *U.S.C.A.* § 5520. Suits were filed against defendants in the Commonwealth of Pennsylvania and default judgments obtained for the taxes due, interest thereon, and a civil penalty of 1% a month on the amount of the unpaid tax pursuant to section 9–508 of the Philadelphia City Code which provides:

> * * * [i]f any tax * * * is not paid when due, interest at the rate of ½% of the amount of the unpaid tax and a penalty at the rate of 1% of the amount of the unpaid tax shall be added for each month or fraction thereof during which the tax shall remain unpaid and shall be collected, together with the amount of the tax.

The respective amounts included in the Pennsylvania judgments are:

| Taxpayer—[1] Defendant | Taxes, Costs and Interest | Penalty |
|---|---|---|
| Alesi | $2,216.15 | $358.76 |
| Berenato | 1,904.39 | 311.34 |
| Evans | 1,494.10 | 235.79 |
| Bella | 1,413.64 | 231.18 |

Philadelphia then filed a consolidated action in Camden County against defendants based on the judgments obtained in Pennsylvania. The trial court entered judgments in favor of the City for the amount of the unpaid taxes, costs and interest. However, it disallowed the amount of the penalty on the ground that full faith and credit did not require this State to enforce a tax penalty imposed by a sister state, even though the penalty was included in a money judgment obtained by that state against the delinquent taxpayer.

On appeal by the City of Philadelphia the Appellate Division held that the entire amount of the Pennsylvania judgments, including penalties, must be given full faith and credit. 169 *N.J.Super.* 156 (App.Div.1979). We granted defendants' petition for certification. 81 *N.J.* 355 (1979).

The Philadelphia wage tax has generated considerable litigation, particularly with regard to its applicability to New Jersey residents who are employed by the federal government in Philadelphia. See, *e. g., In re Thompson,* 157 *F.Supp.* 93 (E.D.Pa. 1957), aff'd *sub nom. United States ex rel. Thompson v. Lennox,* 258 *F.*2d 320 (3 Cir. 1958), *cert.* den. 358 *U.S.* 931, 79 *S.Ct.* 317, 3 *L.Ed.*2d 303 (1959) (Philadelphia has jurisdiction to impose its wage tax on the earnings of nonresident federal employees at

---

[1] Judgments were also recovered against George A. Smith, Jr. and Charles W. Bonnen but were settled during the New Jersey litigation.

the Philadelphia Navy Yard); *Buckley v. Huston,* 60 *N.J.* 472 (1972) (taxing authority of Philadelphia had common law right to bring direct action in New Jersey to recover wage taxes due to Philadelphia from defendant, a New Jersey resident, employed in Philadelphia); *Kiker v. Philadelphia,* 346 *Pa.* 624, 31 *A.2d* 289 (Sup.Ct.1943), *cert.* den. 320 *U.S.* 741, 64 *S.Ct.* 41, 88 *L.Ed.* 439 (1943) (nonresidents employed by federal government within city boundaries subject to wage tax); *Philadelphia v. Stadler,* 164 *N.J.Super.* 281 (Cty.D.Ct.1978) (Pennsylvania judgment for Philadelphia wage tax entitled to full faith and credit in New Jersey courts).

Appellants recognize that it is now settled that they are subject to the wage tax and that it can be enforced in New Jersey. Their argument is that the Full Faith and Credit Clause of the United States Constitution (Art. IV, § 1) does not require New Jersey to recognize and enforce those parts of the Pennsylvania judgments which represent the penalty for nonpayment. They assert a "penal law" exception to full faith and credit, relying on *Milwaukee County v. White Co.,* 296 *U.S.* 268, 56 *S.Ct.* 229, 80 *L.Ed.* 220 (1935), which, while it held that a judgment is not to be denied full faith and credit in state and federal courts merely because it is for taxes, added:

> We intimate no opinion whether a suit upon a judgment for an obligation created by a penal law, in the international sense * * * is within the jurisdiction of the federal District Courts, or whether full faith and credit must be given to such judgment even though a suit for the penalty before reduced to judgment could not be maintained outside of the state where imposed. (296 *U.S.* at 279, 56 *S.Ct.* at 235, 80 *L.Ed.* at 229).

Appellants also rely on this Court's opinion in *Buckley v. Huston, supra,* which held that the taxing authority of Philadelphia had a common law right to bring a direct action in New Jersey to recover wage taxes due Philadelphia, but also said:

Although the plaintiff's complaint includes a claim for penalties as such  *  *  * in addition to the tax and interest due thereon, we have not been asked nor are we disposed to reject, at least in the circumstances presented by the instant matter  *  *  *, the prevailing doctrine that foreign penalties as such are not recoverable. (60 *N.J.* at 482).

This comment, of course, was made in the context of a direct action to recover wage taxes. *Buckley* did not involve a Pennsylvania judgment so that full faith and credit was not a consideration.

We agree with the Appellate Division's holding that the "penalty" involved is primarily compensatory in purpose and civil in nature. 169 *N.J.Super.* at 163; see *City of Philadelphia v. Kenny*, 28 *Pa.Cmwlth.* 531, 369 *A.2d* 1343 (Cmwlth.Ct.1977); *Wilentz v. Hendrickson*, 135 *N.J.Eq.* 244, 256 (E.&A.1944); *New York v. Coe Mfg. Co.*, 112 *N.J.L.* 536, 539 (E.&A.1934). As the Appellate Division noted, once this type of penalty is reduced to judgment it is no different in kind from a money judgment in a civil suit that includes punitive damages, which is entitled to full faith and credit. Furthermore, 1 *Restatement, Conflict of Laws* 2d, § 120 at 346 Comment *d* (1971), states:

The privilege of refusing to enforce the sister State judgment, *if is exists at all*, is a narrow one. The Supreme Court has stated that a cause of action is not penal in the sense here used unless "its purpose is to punish an offense against the public justice of the State" rather than "to afford a private remedy to a person injured by the wrongful act." *Huntington v. Attrill*, 146 *U.S.* 657, 673–4 [, 13 *S.Ct.* 224, 229–30, 36 *L.Ed.* 1123] (1892). In other words, the judgment will not be one for a penalty unless its purpose is to impose punishment for a violation of law. . . . (emphasis added).

Setting aside the question whether any penal law exception to full faith and credit exists, our conclusion is that the "penalty" herein involved is not punishment but rather a surcharge imposed to compensate Philadelphia for its trouble and expense in collecting delinquent taxes. The New Jersey State Tax Uniform Procedure Law imposes penalties for failure to file a State

tax return within time or pay a State tax when due, *N.J.S.A.* 54:49–4. This State has entered into agreements for the reciprocal enforcement of taxes with New York, *Executive Statement of Governors Hughes and Rockefeller*, 6 May 1962, and Pennsylvania, *Reciprocal Personal Income Tax Agreement Between Commonwealth of Pennsylvania and State of New Jersey*, 19 October 1977. Obviously it is to the mutual advantage of neighboring states to recognize and enforce one another's tax revenue laws.

We therefore affirm the judgment of the Appellate Division substantially for the reasons expressed in its opinion. However, we neither approve nor disapprove of the dictum in the opinion which indicates that the provision of the Philadelphia wage tax ordinance providing for a fine of $300 is a purely penal law and, even if reduced to a money judgment, need not be enforced by the courts of this State. It is not an issue in this case. The question should be addressed in the context of an actual suit. See *Philadelphia v. Austin*, 171 *N.J.Super.* 118 (Cty.D.Ct.1979), appeal filed November 16, 1979. Direct certification granted. 82 *N.J.* 518 (1980).

*For affirmance* —Chief Justice WILENTZ and Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER, HANDLER and POLLOCK—7.

*For reversal* —None.