Dear Commissioner of Health and State Health Officer, Michael Crutcher, M.D., M.P.H.
¶ 0 This office has received a request from your predecessor, Dr. Leslie Beitsch, for an official Attorney General Opinion in which he asked, in effect, the following questions:
 1. Must the Oklahoma State Department of Health comply with a request from same-gender adoptive parents to produce an Oklahoma supplementary birth certificate pursuant to an out-of-state adoption decree?
 2. If the answer is yes, are changes to the Vital Statistics provisions of the Oklahoma Public Health Code and the Oklahoma Adoption Code consequently necessary to give effect to the directive contained in the decree?
¶ 1 These questions relate to the issuance of a supplementary birth certificate by the Oklahoma State Department of Health when an out-of-state adoption decree indicates the persons adopting the child would not be eligible to adopt under Oklahoma law.[1] Particularly, you raise concerns over the production of a supplementary birth certificate pursuant to the Oklahoma Public Health Code in light of other statutory provisions reflecting a public policy disfavoring same-gender adoptions. To answer your questions, we first look to the Vital Statistics provisions of the Oklahoma Public Health Code regarding birth registration, then to the Oklahoma Adoption Code and the Full Faith and Credit Clause of the United States Constitution.
 I. Requirements Of Oklahoma Birth Registration And The Oklahoma Adoption Code
¶ 2 The Vital Statistics provisions of the Oklahoma Public Health Code (63 O.S. 2001 Supp. 2003, §§ 1-301-1-334) establish a system which includes records of birth. 63 O.S.2001, § 1-301[63-1-301](2). The system is established, maintained and operated by the State Commissioner of Health. Id. § 1-303. The system provides for filing birth certificates for each live birth which occurs in the State of Oklahoma. Id. § 1-311(A). The system further provides for the entry of the name of the mother on the birth certificate, and if married at the time of conception and birth, the name of the husband shall be entered as the father of the child. Id. § 1-311(D)(1). If the mother is not married at the time of conception and birth, the name of the father is entered on the certificate of birth if paternity is established or acknowledged. Id. § 1-311(D)(2).
¶ 3 Supplementary certificates of birth are established for a person born in this state when the Commissioner of Health receives the following:
 1. An adoption certificate as provided in the Oklahoma Adoption Act,[2] or a certified copy of the decree of adoption together with the information necessary to identify the original certificate of birth and to establish a new certificate of birth; except that a new certificate of birth shall not be established if so requested by the court decreeing the adoption, the adoptive parents, or the adopted person; and
 2. A request that a new certificate be established and such evidence as required by regulation proving that such person has been legitimated, or that a court of competent jurisdiction has determined the paternity of such a person.
63 O.S. 2001, § 1-316[63-1-316](A) (footnote added).
¶ 4 Other than the requirement that the "actual place and date of birth" be shown on the supplementary birth certificate, there are no other specific conditions established by this section for issuing supplementary birth certificates.[3] Id. § 1-316(B).
¶ 5 In addition to the Vital Statistics provisions of the Oklahoma Public Health Code, the Oklahoma Adoption Code requires the State Registrar of Vital Statistics, upon receipt of a certificate of a decree of adoption, to prepare a supplementary birth certificate in the new name of the adopted person "with the names of the adoptive parents listed as the parents." 10 O.S.2001, § 7505-6.6[10-7505-6.6](B).
¶ 6 Therefore, according to these statutes, upon receipt by the Oklahoma State Department of Health of a properly entered decree of adoption along with information sufficient to identify the adopted person, a supplementary birth certificate shall be issued. However, you ask whether the mandates contained in the above-cited statutes must be overridden if the parentage established by an out-of-state decree of adoption fails to meet Oklahoma's eligibility requirements.
¶ 7 In Oklahoma only certain persons are eligible to adopt. Under 10 O.S. 2001, § 7503-1.1[10-7503-1.1], those persons are:
 1. A husband and wife jointly if both spouses are at least twenty-one (21) years of age;
 2. Either the husband or wife if the other spouse is a parent or a relative of the child;
 3. An unmarried person who is at least twenty-one (21) years of age; or
 4. A married person at least twenty-one (21) years of age who is legally separated from the other spouse.
Id.
¶ 8 Because adoption is a purely statutory procedure and adoption statutes must be strictly construed, the Oklahoma Court of Civil Appeals has stated that a strict construction of the above eligibility requirements would exclude any interpretation which would allow multiple petitions for adoption by an unlimited number of unmarried adoptive parents of either gender. Adoptionof M.C.D. v. Depew, 42 P.3d 873, 881 (Okla.Ct.App. 2002).
¶ 9 Accordingly, under Oklahoma statutory and current case law, same-gender petitioners are among those who are ineligible to adopt in Oklahoma. See 10 O.S. 2001, § 7503-1.1[10-7503-1.1]. To address this concern we next look to the Full Faith and Credit Clause of the United States Constitution.
 II. The Full Faith And Credit Clause Of The United States Constitution
¶ 10 Article IV, Section 1 of the United States Constitution's Full Faith and Credit Clause provides in pertinent part as follows:
 Full Faith and Credit shall be given in each State to the . . . judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such . . . Proceedings shall be proved, and the Effect thereof.
Id. Pursuant to the Full Faith and Credit Clause Congress has prescribed:
 The . . . judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.
 Such . . . judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.
28 U.S.C. § 1738 (1994).
¶ 11 It has been said by the United States Supreme Court that the "`very purpose' of Art. IV, s 1 [Full Faith and Credit Clause] was `to alter the status of the several states as independent foreign sovereignties, each free to ignore obligations created under the laws or by the judicial proceedings of the others, and to make them integral parts of a single nation.'" Williams v. North Carolina, 317 U.S. 287, 295
(1942) (quoting Milwaukee County v. M.E. White Co.,296 U.S. 268, 276-77 (1935)). As a result, the United States Supreme Court has been reluctant to admit exceptions to the Full Faith and Credit Clause in cases of judgments rendered by the courts of sister states. Id. Accordingly, even though a cause of action could not be entertained in the forum state because itcontravened its public policy, the judgment thereon obtained in a sister state must be given full faith and credit. Id. at 294. "[E]xceptions have been few and far between." Id. at 295.
 III. Oklahoma's Law
¶ 12 In Oklahoma, when the validity of an out-of-state adoption decree is not called into question, it is given full faith and credit. See Ex parte Moulin, 217 P.2d 1029, 1031 (Okla. 1950). In addition, the principles of the Full Faith and Credit Clause with respect to adoption decrees issued in other states have been embodied in the Oklahoma Adoption Code itself as follows:
 A. The courts of this state shall recognize a decree, judgment, or final order creating the relationship of parent and child by adoption, issued by a court or other governmental authority with appropriate jurisdiction in a foreign country or in another state or territory of the United States. The rights and obligations of the parties as to matters within the jurisdiction of this state shall be determined as though the decree, judgment, or final order were issued by a court of this state.
10 O.S. § 7502-1.4[10-7502-1.4] (emphasis added).
¶ 13 "When considering the construction to be given a statute, the primary consideration is to ascertain the legislative intent, and this must be determined from the language used." Stemmons,Inc. v. Universal C.I.T. Credit Corp., 301 P.2d 212, 216
(Okla. 1956). Accordingly, notwithstanding the fact that more than one single (unmarried) person cannot adopt a child in Oklahoma,[4] under a plain reading of this statute, an adoption decree issued in another state by a court which had acquired jurisdiction would be recognized by a court in this state irrespective of the gender of the adoptive parents. The language of the statute does not provide for any exceptions to its application. See 10 O.S. 2001, § 7502-1.4[10-7502-1.4](A).
¶ 14 Consistent with the Full Faith and Credit Clause of the United States Constitution and Oklahoma law that requires courts of this state to recognize adoption decrees issued by other states, Oklahoma law requires the Oklahoma State Department of Health to recognize such decrees. 63 O.S. 2001, § 1-316[63-1-316](A). Supplementary birth certificates shall be established for the adopted person upon receipt of a "certified copy of the decree of adoption." Id. § 1-316(A)(1). Accordingly, upon receipt of a certified copy of an adoption decree, the parentage established therein must be reflected on the supplementary birth certificate.
 IV. No Changes To The Oklahoma Adoption Code Or The Vital Statistics Provisions Of The Oklahoma Public Health Code Are Necessary To Give Effect To The Directive Contained In The Out-Of-State Decree
¶ 15 Current language in the Vital Statistics provisions of the Oklahoma Public Health Code requires the Oklahoma Department of Health to issue a supplementary birth certificate upon receipt of a certified copy of a decree of adoption, irrespective of the gender of the parents.[5] 63 O.S. 2001, § 1-316[63-1-316](A). No language in the Oklahoma Adoption Code conflicts with this mandate. See 10 O.S. 2001 Supp. 2003, §§ 7501-1.1-7505-7.2. Accordingly, no statutory changes are required with respect to the Vital Statistics provisions of the Oklahoma Public Health Code or the Oklahoma Adoption Code for the Oklahoma State Department of Health to produce a supplementary birth certificate reflecting the parents named in the adoption decree.
¶ 16 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The Full Faith and Credit Clause of the United States Constitution requires Oklahoma to recognize properly entered sister state judgments. U.S. Const. art. IV, § 1.
 2. The Oklahoma Adoption Code requires the courts of this state to recognize out-of-state adoption decrees establishing the relationship of parent and child, irrespective of whether the adoptive parents are eligible to adopt in this state. 10 O.S. 2001, § 7502-1.4(A); Ex parte Moulin, 217 P.2d 1029, 1031 (Okla. 1950).
 3. The Vital Statistics provisions of the Oklahoma Public Health Code and the Oklahoma Adoption Code require the Oklahoma Department of Health to issue supplementary birth certificates upon receipt of a certified copy of a decree of adoption and to reflect the parental relationship established therein. 63 O.S. 2001, § 1-316(A), 10 O.S. 2001, § 7502-1.4(A). No other provision of Oklahoma law conflicts with this mandate.
 4. No changes to the Vital Statistics provisions of the Oklahoma Public Health Code or the Oklahoma Adoption Code are necessary to give effect to an out-of-state order. 63 O.S. 2001, § 1-316(A), 10 O.S. 2001, § 7502-1.4(A).
 W.A. DREW EDMONDSON Attorney General
 DOROTHY BROWN Assistant Attorney General
[1] See 10 O.S. 2001, § 7503-1.1[10-7503-1.1] (quoted in Section 1below).
[2] The Oklahoma Adoption Act referenced in this section has been repealed and renumbered as the Oklahoma Adoption Code, 10 O.S. 2001 Supp. 2003, §§ 7501-1.1-7510-3.3.
[3] Oklahoma State Department of Health Administrative Rule OAC 310:105-3-5 mirrors the statutory provisions applicable to live birth certificates and supplementary birth certificates.
[4] Under Oklahoma law, same-gender couples are among those not eligible to adopt. See 10 O.S. 2001, § 7503-1.1[10-7503-1.1]; Adoption ofM.C.D., 42 P.3d at 881.
[5] Ordinarily, only parties to a proceeding are bound by the judgment rendered in a case. Morrissey v. Shriver,214 P. 702, 703 (Okla. 1923). When a court has not acquired jurisdiction over a party, a directive contained in the judgment need not be given full faith and credit. Estin v. Estin,334 U.S. 541, 549 (1948). The judgment is, however, divisible, and full faith and credit may be given to the remaining provisions of the judgment. Id. Accordingly, even if the Oklahoma State Department of Health is not a party to an adoption proceeding and is not bound by a directive to produce a birth certificate listing the names of same-gender adoptive parents, the remainingprovisions establishing the adoptive relationship are entitled tofull faith and credit, and also meet the demands of 63 O.S.2001, § 1-316[63-1-316].