IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-30566
No. 07-30613
No. 07-30768

BARCOSH LTD.

Plaintiff - Appellee

V.

WALTER C. DUMAS; DUMAS & ASSOCIATES LAW CORPORATION

Defendants - Appellants

Appeals from the United States District Court
Middle District of Louisiana
USDC No. 3:06-CV-616

Before JONES, Chief Judge, and DAVIS and GARZA, Circuit Judges.

PER CURIAM:[*]

Barcosh sued Walter C. Dumas and Dumas & Associates (collectively,
"Dumas") on a debt in Ohio state court and obtained a default judgment in
August 2006. Barcosh then brought an action in the U.S. District Court for the
Middle District of Louisiana ("Middle District") to enforce that judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Barcosh prevailed at every stage below, and Dumas appealed at every stage, as will be described. The appeals are meritless.

First, the Middle District granted Barcosh's motion for summary judgment, ruling that the August 2006 Ohio judgment was valid and enforceable. Dumas appealed that ruling to this Court in case number 07-30613. Shortly thereafter, the Middle District learned that Dumas was working in Louisiana state court in an apparent effort to relitigate the enforceability of the August 2006 judgment. Dumas also was attempting to extract funds held in the registry of the 22nd Judicial District Court of Louisiana — funds that Dumas had expressly pledged as security for the debt to Barcosh. The Middle District enjoined Dumas's actions and ordered that the funds held by the 22nd District be transferred to the registry of the Middle District. Dumas appealed these orders in appeal number 07-30566. Most recently, the Middle District ordered that the pledged funds be released to Barcosh in partial satisfaction of the August 2006 Ohio judgment. Dumas appealed this order in appeal number 07-30768. All three of Dumas's appeals are consolidated here for administrative purposes.

The procedural background of this case is extensive, but the following facts will suffice. There were two separate default judgments from the Ohio court, and two separate enforcement actions in Louisiana. The first Ohio judgment was entered against Dumas in April 2006, and Barcosh brought an action in Louisiana state court to enforce it. That Louisiana state court action was dismissed without prejudice when Barcosh agreed to set aside the April 2006 judgment and allow Dumas additional time to answer in Ohio. After Dumas failed to answer, the Ohio court issued a second default judgment against Dumas

in August 2006. Barcosh filed the present lawsuit in the Middle District to enforce this second, August 2006 judgment.

Dumas's main argument in all three appeals is that res judicata prevents the Middle District action from going forward. Specifically, Dumas claims both the Louisiana state court enforcement action and the Middle District enforcement action are based on the same subject matter, namely, the substantive debt Dumas owes Barcosh. This argument is meritless. The subject matter of an enforcement action is the foreign judgment itself, not the underlying claim that has already been adjudicated. As the district court noted, "matters of enforcement are based on the fact of the judgment rather than the facts behind the judgment." Here, neither the Louisiana court nor the Middle District was required (or permitted) to look into the merits of Dumas's underlying debt to Barcosh. See Milwaukee County v. M.E. White Co., 296 U.S. 268, 275-76 (1935). Rather, each court was concerned only with the foreign judgment before it, and in this case there were two distinct judgments. The record reflects that the Louisiana state court action concerned only the enforcement of the April 2006 judgment. When the April 2006 judgment was set aside for procedural reasons, the Louisiana state court action was dismissed without prejudice. Those proceedings implicated neither the validity of Dumas's underlying debt nor the August 2006 judgment on it. Accordingly, the district court's summary judgment in favor of Barcosh is affirmed.

Nor did the district court abuse its discretion in the other matters on appeal including, inter alia, the enforceability of the August 2006 judgment, the propriety of injunctive relief, the sequestration of funds, and the release of funds to Barcosh. These issues were properly addressed by the district court and

require no further discussion. For essentially the same reasons stated below, the judgments of the district court in all three appeals before this Court are AFFIRMED.