Pfeifer, J.,
dissenting.
{¶ 60} There is no legitimate reason to allow respondent Ashtabula County Board of Elections to refuse to place relator Thomas Brown’s name on the November 4, 2014 ballot. In State ex rel. Purdy v. Clermont Cty. Bd. of Elections, 77 Ohio St.3d 338, 347, 673 N.E.2d 1351 (1997) (Moyer, C.J., dissenting), Chief Justice Moyer stated that “application of the [sore-loser] statute *383 burdened Purdy’s and Tighe’s constitutional rights by prohibiting their candidacies.” The same is true of Brown.
{¶ 61} Brown’s constitutional right to ballot access, when he is an otherwise eligible candidate, is being infringed by the application of R.C. 3513.04. There is no great principle behind the statute and it ought not be entitled to a presumption of constitutionality. See Wisconsin v. Pelican Ins. Co., 127 U.S. 265, 297, 8 S.Ct. 1370, 32 L.Ed. 239 (1888), overruled on other grounds, Milwaukee Cty. v. M.E. White Co., 296 U.S. 268, 56 S.Ct. 229, 80 L.Ed. 220 (1935); Ohio Grocers Assn. v. Levin, 123 Ohio St.3d 303, 2009-Ohio-4872, 916 N.E.2d 446, ¶ 70-81 (Pfeifer, J., dissenting). When a statute infringes on a fundamental constitutional right, we ought not acquiesce because of an unwarranted presumption of constitutionality. Indeed, the presumption should go the other way; the statute should be presumed unconstitutional.
{¶ 62} Election laws that limit ballot access for prospective candidates are subject to review depending on the level of the limitation. Purdy, at 343. If we assume, as the plurality opinion does, that R.C. 3513.04 is a reasonable, nondiscriminatory restriction, then it can be justified by an important regulatory interest. Id., citing Anderson v. Celebrezze, 460 U.S. 780, 788, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983). As support for the interests that justify R.C. 3513.04, the attorney general cites the following statement from Purdy: “Ohio clearly has a legitimate interest in preventing potential conflicts among party members, an interest in preventing the possibility of voter confusion, and an interest in preventing candidacies that may conceivably be prompted by short-range goals.” Id. at 346.
{¶ 63} The importance of these interests is a chimera. Preventing potential conflicts among party members may be a legitimate interest, but how preventing an eligible candidate from appearing on the ballot for a nonpartisan office advances that interest is obscure and unexplained. Minimizing the possibility of voter confusion may also be a legitimate interest, but not enough to prevent an eligible candidate from running for office. Moreover, only the most well-informed voters are likely to realize that a candidate for one of the offices in this case had been a candidate for the other office earlier in the year and, because they are well-informed, they are unlikely to be confused. The claim that Ohio has an interest in preventing candidacies that may conceivably be prompted by short-term goals is absurd, and that interest is clearly unmanageable. For one thing, politics is increasingly an endeavor devoted to short-term goals; for another, who is to judge whether a goal is short term? In short, none of the arguments suggested by the attorney general advance important regulatory interests — and they are insufficient to justify burdening the constitutional right to ballot access.
*384 Louis E. Grube, for relators.
Nicholas A. Iarocci, Ashtabula County Prosecuting Attorney, and Shelley M. Pratt, Assistant Prosecuting Attorney, for respondents.
Michael DeWine, Attorney General, and Zachary P. Keller, Assistant Attorney General, for intervening respondent.
Taft, Stettinius and Hollister, L.L.P., and Donald C. Brey, urging denial of the writ for amicus curiae, David Schroeder.
{¶ 64} There is no legitimate reason to prevent Brown’s name from appearing on the ballot in a nonpartisan election. I would grant the writ of mandamus. If the only way to do that is to overrule Purdy, then I would do that. I dissent.