S07A1650. GOODRUM et al. v. GOODRUM.
(657 SE2d 192)

SEARS, Chief Justice.

The appellants, Dexter, Antonio, and Quinton Goodrum, appeal from an order of the trial court ruling that their brother, appellee Beauford Goodrum, had acquired prescriptive title to certain property under OCGA § 44-5-164 by possessing the property under color of title for a period greater than seven years and by satisfying the requirements of OCGA § 44-5-161 during his possession. For the reasons that follow, we affirm.

On appeal, the appellants contend that the trial court did not have subject-matter jurisdiction over the case. Subject-matter jurisdiction refers to whether a court has jurisdiction to decide a particular class of cases.[1] Here, the superior court had subject-matter jurisdiction to determine the parties' dispute as to who had title to the land in question.[2]

Moreover, the evidence supports the trial court's finding that the appellee did not have notice that a 1989 deed conveying the property to him might have been fraudulent.[3] Because a person who claims title by virtue of adverse possession under color of title must have actual notice of any alleged fraud before that fraud will defeat his adverse possession claim,[4] the trial court properly ruled that the alleged fraud in this case was insufficient to defeat the appellee's claim.

---

[1] *Abushmais v. Erby*, 282 Ga. 619 (652 SE2d 549) (2007).

[2] 1983 Ga. Const., Art. VI, Sec. IV, Par. I (superior courts have exclusive jurisdiction over "cases respecting title to land").

[3] The trial court did not determine whether the 1989 deed conveying the property to the appellee was the result of fraud.

[4] See OCGA § 44-5-164 ("if the written title is forged or fraudulent and if the person claiming adverse possession had actual notice of such forgery or fraud when he commenced his possession, no prescription may be based on such possession"); OCGA § 44-5-162 (a) ("In order

Finally, the appellants rely on OCGA § 44-5-162 (b)[5] to contend that, as a result of the alleged fraudulent deed in 1989, the appellee's prescription could not begin to run until the appellants discovered the alleged fraud in 2002. This claim, however, is without merit for two reasons. The first is that the evidence supports the trial court's finding that the appellee had no notice of the alleged fraud concerning the 1989 deed. Thus, there was no "actual or positive fraud" by the appellee. The second reason is that the alleged fraud did not "prevent or deter" the appellants from acting. Because the appellants were unaware of the alleged fraud from 1989 to 2002, it cannot be said that they failed to act based upon it. In fact, the appellants could have objected to the appellee's exclusive and continued possession during that time, but failed to do so.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2008 —
RECONSIDERATION DENIED FEBRUARY 25, 2008.

Antonio T. Goodrum, *pro se.*
Dexter T. Goodrum, *pro se.*
Quinton F. Goodrum, *pro se.*
*Edward J. Boswell*, for appellee.

---

for fraud to prevent the possession of property from being the foundation of prescription, such fraud must be actual or positive and not merely constructive or legal."); *Gigger v. White*, 277 Ga. 68, 72 (586 SE2d 242) (2003).

[5] Subsection (b) provides that "[w]hen actual or positive fraud prevents or deters another party from acting, prescription shall not run until such fraud is discovered."