# SUPREME COURT OF THE UNITED STATES

## V. L. *v.* E. L., ET AL.

### ON PETITION FOR WRIT OF CERTIORARI TO THE SUPREME COURT OF ALABAMA

No. 15–648   Decided March 7, 2016

PER CURIAM.

A Georgia court entered a final judgment of adoption making petitioner V. L. a legal parent of the children that she and respondent E. L. had raised together from birth. V. L. and E. L. later separated while living in Alabama. V. L. asked the Alabama courts to enforce the Georgia judgment and grant her custody or visitation rights. The Alabama Supreme Court ruled against her, holding that the Full Faith and Credit Clause of the United States Constitution does not require the Alabama courts to respect the Georgia judgment. That judgment of the Alabama Supreme Court is now reversed by this summary disposition.

I

V. L. and E. L. are two women who were in a relationship from approximately 1995 until 2011. Through assisted reproductive technology, E. L. gave birth to a child named S. L. in 2002 and to twins named N. L. and H. L. in 2004. After the children were born, V. L. and E. L. raised them together as joint parents.

V. L. and E. L. eventually decided to give legal status to the relationship between V. L. and the children by having V. L. formally adopt them. To facilitate the adoption, the couple rented a house in Alpharetta, Georgia. V. L. then filed an adoption petition in the Superior Court of Fulton County, Georgia. E. L. also appeared in that proceeding. While not relinquishing her own parental rights, she gave her express consent to V. L.'s adoption of the children as a

second parent. The Georgia court determined that V. L. had complied with the applicable requirements of Georgia law, and entered a final decree of adoption allowing V. L. to adopt the children and recognizing both V. L. and E. L. as their legal parents.

V. L. and E. L. ended their relationship in 2011, while living in Alabama, and V. L. moved out of the house that the couple had shared. V. L. later filed a petition in the Circuit Court of Jefferson County, Alabama, alleging that E. L. had denied her access to the children and interfered with her ability to exercise her parental rights. She asked the Alabama court to register the Georgia adoption judgment and award her some measure of custody or visitation rights. The matter was transferred to the Family Court of Jefferson County. That court entered an order awarding V. L. scheduled visitation with the children.

E. L. appealed the visitation order to the Alabama Court of Civil Appeals. She argued, among other points, that the Alabama courts should not recognize the Georgia judgment because the Georgia court lacked subject-matter jurisdiction to enter it. The Court of Civil Appeals rejected that argument. It held, however, that the Alabama family court had erred by failing to conduct an evidentiary hearing before awarding V. L. visitation rights, and so it remanded for the family court to conduct that hearing.

The Alabama Supreme Court reversed. It held that the Georgia court had no subject-matter jurisdiction under Georgia law to enter a judgment allowing V. L. to adopt the children while still recognizing E. L.'s parental rights. As a consequence, the Alabama Supreme Court held Alabama courts were not required to accord full faith and credit to the Georgia judgment.

## II

The Constitution provides that "Full Faith and Credit shall be given in each State to the public Acts, Records,

Per Curiam

and judicial Proceedings of every other State." U. S. Const., Art. IV, §1. That Clause requires each State to recognize and give effect to valid judgments rendered by the courts of its sister States. It serves "to alter the status of the several states as independent foreign sovereignties, each free to ignore obligations created under the laws or by the judicial proceedings of the others, and to make them integral parts of a single nation." *Milwaukee County* v. *M. E. White Co.*, 296 U. S. 268, 277 (1935).

With respect to judgments, "the full faith and credit obligation is exacting." *Baker* v. *General Motors Corp.*, 522 U. S. 222, 233 (1998). "A final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land." *Ibid.* A State may not disregard the judgment of a sister State because it disagrees with the reasoning underlying the judgment or deems it to be wrong on the merits. On the contrary, "the full faith and credit clause of the Constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based." *Milliken* v. *Meyer*, 311 U. S. 457, 462 (1940).

A State is not required, however, to afford full faith and credit to a judgment rendered by a court that "did not have jurisdiction over the subject matter or the relevant parties." *Underwriters Nat. Assurance Co.* v. *North Carolina Life & Accident & Health Ins. Guaranty Assn.*, 455 U. S. 691, 705 (1982). "Consequently, before a court is bound by [a] judgment rendered in another State, it may inquire into the jurisdictional basis of the foreign court's decree." *Ibid.* That jurisdictional inquiry, however, is a limited one. "[I]f the judgment on its face appears to be a 'record of a court of general jurisdiction, such jurisdiction over the cause and the parties is to be presumed unless disproved by extrinsic evidence, or by the record itself.'"

*Milliken*, *supra*, at 462 (quoting *Adam* v. *Saenger*, 303 U. S. 59, 62 (1938)).

Those principles resolve this case. Under Georgia law, as relevant here, "[t]he superior courts of the several counties shall have exclusive jurisdiction in all matters of adoption." Ga. Code Ann. §19–8–2(a) (2015). That provision on its face gave the Georgia Superior Court subject-matter jurisdiction to hear and decide the adoption petition at issue here. The Superior Court resolved that matter by entering a final judgment that made V. L. the legal adoptive parent of the children. Whatever the merits of that judgment, it was within the statutory grant of jurisdiction over "all matters of adoption." *Ibid.* The Georgia court thus had the "adjudicatory authority over the subject matter" required to entitle its judgment to full faith and credit. *Baker*, *supra*, at 233.

The Alabama Supreme Court reached a different result by relying on Ga. Code Ann. §19–8–5(a). That statute states (as relevant here) that "a child who has any living parent or guardian may be adopted by a third party . . . only if each such living parent and each such guardian has voluntarily and in writing surrendered all of his or her rights to such child." The Alabama Supreme Court concluded that this provision prohibited the Georgia Superior Court from allowing V. L. to adopt the children while also allowing E. L. to keep her existing parental rights. It further concluded that this provision went not to the merits but to the Georgia court's subject-matter jurisdiction. In reaching that crucial second conclusion, the Alabama Supreme Court seems to have relied solely on the fact that the right to adoption under Georgia law is purely statutory, and "'[t]he requirements of Georgia's adoptions statutes are mandatory and must be strictly construed in favor of the natural parents.'" App. to Pet. for Cert. 23a–24a (quoting *In re Marks*, 300 Ga. App. 239, 243, 684 S. E. 2d 364, 367 (2009)).

That analysis is not consistent with this Court's controlling precedent. Where a judgment indicates on its face that it was rendered by a court of competent jurisdiction, such jurisdiction "'is to be presumed unless disproved.'" *Milliken, supra*, at 462 (quoting *Adam, supra*, at 62). There is nothing here to rebut that presumption. The Georgia statute on which the Alabama Supreme Court relied, Ga. Code Ann. §19–8–5(a), does not speak in jurisdictional terms; for instance, it does not say that a Georgia court "shall have jurisdiction to enter an adoption decree" only if each existing parent or guardian has surrendered his or her parental rights. Neither the Georgia Supreme Court nor any Georgia appellate court, moreover, has construed §19–8–5(a) as jurisdictional. That construction would also be difficult to reconcile with Georgia law. Georgia recognizes that in general, subject-matter jurisdiction addresses "whether a court has jurisdiction to decide a particular class of cases," *Goodrum* v. *Goodrum*, 283 Ga. 163, 657 S. E. 2d 192 (2008), not whether a court should grant relief in any given case. Unlike §19–8–2(a), which expressly gives Georgia superior courts "exclusive jurisdiction in all matters of adoption," §19–8–5(a) does not speak to whether a court has the power to decide a general class of cases. It only provides a rule of decision to apply in determining if a particular adoption should be allowed.

Section 19–8–5(a) does not become jurisdictional just because it is "'mandatory'" and "'must be strictly construed.'" App. to Pet. for Cert. 23a–24a (quoting *Marks, supra*, at 243, 684 S. E. 2d, at 367). This Court "has long rejected the notion that all mandatory prescriptions, however emphatic, are properly typed jurisdictional." *Gonzalez* v. *Thaler*, 565 U. S. 134, \_\_\_ (2012) (slip op., at 10–11) (internal quotation marks and ellipsis omitted). Indeed, the Alabama Supreme Court's reasoning would give jurisdictional status to *every* requirement of the Geor-

gia adoption statutes, since Georgia law indicates those requirements are all mandatory and must be strictly construed. *Marks*, *supra*, at 243, 684 S. E. 2d, at 367. That result would comport neither with Georgia law nor with common sense.

As Justice Holmes observed more than a century ago, "it sometimes may be difficult to decide whether certain words in a statute are directed to jurisdiction or to merits." *Fauntleroy* v. *Lum*, 210 U. S. 230, 234–235 (1908). In such cases, especially where the Full Faith and Credit Clause is concerned, a court must be "slow to read ambiguous words, as meaning to leave the judgment open to dispute, or as intended to do more than fix the rule by which the court should decide." *Id.*, at 235. That time-honored rule controls here. The Georgia judgment appears on its face to have been issued by a court with jurisdiction, and there is no established Georgia law to the contrary. It follows that the Alabama Supreme Court erred in refusing to grant that judgment full faith and credit.

The petition for writ of certiorari is granted. The judgment of the Alabama Supreme Court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*