**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SARAH W. BROWN,

              Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

              Defendant - Appellee.

No. 15-16863

D.C. No. 3:14-cv-02051-VC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Vince G. Chhabria, District Judge, Presiding

Submitted September 28, 2016[**]

Before:     PREGERSON, LEAVY, and OWENS, Circuit Judges.

Sarah W. Brown appeals pro se the district court's judgment affirming the

Commissioner of Social Security's denial of her application for spouse's

retirement insurance benefits under Title II of the Social Security Act.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The wife of an individual entitled to old-age insurance benefits is herself entitled to a spouse's insurance benefits if she has attained age 62 and is not entitled to old-age benefits on her own account. 42 U.S.C. § 402(b)(1); 20 C.F.R. § 404.330. An applicant is the wife of the insured "if the courts of the State in which such insured individual is domiciled at the time such applicant files an application . . . would find that such applicant and such insured individual were validly married at the time such applicant files such application." 42 U.S.C. § 416(h)(1)(A)(i).

Brown contends that due to her mental incompetency, a divorce decree issued in the District of Columbia in 1973 is invalid, and therefore she is still married to the insured individual on whose account she applied for a spouse's benefit in 2007. Brown's contention lacks merit. Substantial evidence supports the administrative law judge's determination that Brown was not the wife of the insured when she applied for benefits because the courts of Virginia, the state where the insured was domiciled, would give full faith and credit to the divorce judgment. *See* U.S. Const. art. IV, § 1; *V.L. v. E.L.*, 136 S. Ct. 1017, 1020 (2016) (per curiam).

For purposes of full faith and credit, the divorce judgment on its face appears valid, and therefore the jurisdiction of the Superior Court of the District of Columbia to enter the judgment must be presumed. *See V.L.*, 136 S. Ct. at 1020. Brown, who bears the burden of proof under Virginia law, has not overcome this presumption by her presentation of extrinsic evidence of her mental incapacity to receive notice and participate in the divorce proceeding. *See Gibson v. Gibson*, 364 S.E.2d 518, 521 (Va. Ct. App. 1988). In the District of Columbia, "[a]n individual is presumed both to be competent and to have the capacity to make legal and other decisions." *Mitchell v. Gales*, 61 A.3d 678, 686 (D.C. 2013) (citing D.C. Code § 21-2002(d)). In that jurisdiction, a judgment entered against an incompetent party is voidable, rather than void, and thus may be corrected only by direct review, and not by collateral attack. *Id.* at 685-86. Accordingly, the divorce judgment is res judicata in the District of Columbia. *See Hupp v. Hupp*, 391 S.E.2d 329, 332 (Va. 1990) (holding that because a Pennsylvania support judgment made an issue of paternity res judicata in Pennsylvania, relitigation of that issue in Virginia was barred). The administrative law judge did not err in concluding that the courts of Virginia would give the District of Columbia divorce judgment full faith and credit and would find that Brown was not married to the insured when

3

she applied for spouse's retirement insurance benefits in 2007.  *See* 42 U.S.C. § 416(h)(1)(A)(i).

The administrative law judge did not abuse his discretion in denying Brown's request for subpoenas, and did not fail to fulfill his duty to fully and fairly develop the record.  *See* 20 C.F.R. § 404.950(d)(1); *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2010).

**AFFIRMED.**