**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 16-3526

———————

NANCY M. RUBEL,
a.k.a NANCY M. ZAWADZKI

v.

COMMISSIONER OF INTERNAL REVENUE

NANCY M. RUBEL,
Appellant

———————

On Petition for Review from an Order of the United States
Tax Court
(Docket No. 16-9183)
United States Tax Court Chief Judge: Hon. L. Paige Marvel

———————

Argued March 16, 2017

———————

Before: GREENAWAY, JR., SHWARTZ, <u>Circuit Judges</u>,

and SIMANDLE, <u>Chief District Judge</u>.[*]

(Opinion Filed:  May 9, 2017)

————————

OPINION

————————

T. Keith Fogg
Legal Services Center of Harvard Law School
122 Boylston Street
Jamaica Plain, MA 02130

Carlton M. Smith                [ARGUED]
#4AW
255 West 23rd Street
New York, NY 10011
            *Counsel for Appellant*

Richard P. Caldarone          [ARGUED]
Gilbert S. Rothenberg
Francesca Ugolini
United States Department of Justice
Tax Division
950 Pennsylvania Avenue, N.W.
P.O. Box 502
Washington, DC 20044
            *Counsel for Appellee*

————————

[*] Honorable Jerome B. Simandle, Chief District Judge of the United States District Court for the District of New Jersey, sitting by designation.

SHWARTZ, Circuit Judge.

Nancy Rubel appeals the United States Tax Court's dismissal of her petition for lack of jurisdiction. Because Rubel failed to file her petition by the deadline set forth in 26 U.S.C. § 6015(e)(1)(A), and because that deadline is jurisdictional, the Tax Court properly dismissed her petition, and we will affirm.

I

Generally, when spouses file a joint tax return, each spouse is jointly and severally liable for the tax due. 26 U.S.C. § 6013(d); Callaway v. Comm'r, 231 F.3d 106, 111 (2d Cir. 2000). Under § 6015(c), a jointly filing spouse may seek relief from joint and several liability for a tax deficiency if the couple is legally separated, no longer married, and not living together.[1] § 6015(c). In addition, for taxpayers who do not satisfy § 6015(c), the IRS has discretion to grant relief where it would be "inequitable to hold the individual liable for any . . . deficiency." Id. § 6015(f). These avenues for relief are referred to as the innocent spouse relief provisions. If the IRS denies relief, then the taxpayer may file a petition with the Tax Court. Id. § 6015(e).

Rubel and her ex-husband filed joint income tax returns from 2005 through 2008. They had an unpaid tax liability for each year. In 2015, Rubel asked the IRS to

---

[1] Section 6015(b) provides an avenue to seek relief where the joint return understates the amount the taxpayers owe. 26 U.S.C. § 6015(b).

3

relieve her from this liability under the innocent spouse relief provisions of § 6015.

On January 4, 2016, the IRS sent Rubel three identical notices of its final determination denying her requests for relief for tax years 2006 through 2008. On January 13, 2016, the IRS sent Rubel a similar denial for the 2005 tax year. The determinations notified Rubel that, if she disagreed with the IRS's decision, she could file a petition with the Tax Court to review the denial for relief within ninety days from the date of the determination. Accordingly, Rubel needed to file a petition with the Tax Court by April 4, 2016[2] for the 2006 through 2008 tax years and by April 12, 2016 for the 2005 tax year.

Before filing a petition with the Tax Court, Rubel submitted additional information to the IRS. In a March 3, 2016 letter, the IRS informed Rubel that it "considered the information and still propose[d] to deny relief in full." App. 45. The IRS also notified Rubel of the following:

> Please be advised this correspondence doesn't extend the time to file a petition with the U.S. Tax Court. Your time to petition the U.S. Tax Court began to run when we issued you our final determination on Jan. 04, 2016 and will end on Apr. 19, 2016. However, you may continue to work with us to resolve your tax

---

[2] The ninetieth day after January 4, 2016, was Sunday, April 3, 2016. The Internal Revenue Code provides that the deadline for filing a petition is extended until the "next succeeding day which is not a Saturday, Sunday, or a legal holiday." Id. § 7503.

matter.

App. 45.  This letter contained incorrect information.  The deadlines for Rubel to petition the Tax Court regarding the final determinations were April 4 and 12, 2016, not April 19, 2016.

Rubel mailed a petition challenging the IRS's determinations to the Tax Court on April 19, 2016.  The IRS moved to dismiss the petition, arguing that because Rubel failed to file the petition within ninety days of the date of the notices of final determination, the Tax Court lacked jurisdiction to review the petition under § 6015(e)(1)(A).  Rubel opposed the motion and argued that the March 3, 2016 letter started a new ninety-day period for filing a petition and, in any event, that the IRS should be equitably estopped from relying on the statutory deadline because the March 3 letter contained erroneous information.  The Tax Court agreed with the IRS and dismissed the petition for lack of jurisdiction.  Rubel appeals.

II[3]

Congress set forth the jurisdiction of the Tax Courts in Title 26.  26 U.S.C. § 7442.  Thus, we turn to Title 26 to determine whether the Tax Court had jurisdiction to entertain

---

[3] The Tax Court held that it lacked jurisdiction over the petition because it was not filed within the deadline set forth in § 6015(e)(1)(A).  We have jurisdiction to review the decision of the Tax Court under 26 U.S.C. § 7482(a)(1) and conduct a de novo review of its determination of subject matter jurisdiction.  Sunoco Inc. v. Comm'r, 663 F.3d 181, 185 (3d Cir. 2011).

5

Rubel's petition to review the IRS's denial of her request for innocent spouse relief under § 6015. Section 6015 provides:

> In the case of an individual . . . who requests equitable relief[,] . . . the individual may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available to the individual under this section if such petition is filed . . . not later than the close of the 90th day after the date [on which the IRS mails notice of its final determination of relief available to the individual].

Id. § 6015(e)(1)(A). The question in this case is whether the ninety-day deadline in § 6015(e)(1)(A) is a jurisdictional requirement or a claims-processing deadline.[4] If § 6015(e)(1)(A) is a claims-processing statute, Rubel's failure to comply with it may be subject to waiver, forfeiture, and equitable tolling. John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 133-34 (2008). If, on the other hand, the deadline in § 6015(e)(1)(A) is jurisdictional, Rubel's failure to comply with it deprives the Tax Court of the authority to hear the case, "even if equitable considerations would support extending the prescribed time period." United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1631 (2015). Thus, determining that a deadline is jurisdictional has the

---

[4] A claims-processing statute or rule "promote[s] the orderly progress of litigation by requiring parties to take certain procedural steps at certain specified times." Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 435 (2011).

important consequence of limiting a court's power to decide a case.  See Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 435 (2011).

Because of the consequence of deeming a deadline jurisdictional, the Supreme Court has cautioned against "drive by jurisdictional rulings," Arbaugh v. Y&H Corp., 546 U.S. 500, 511 (2006) (internal quotation marks omitted), and has directed that we examine statutes to determine if they "speak in jurisdictional terms or refer in any way to the jurisdiction of the  . . . courts," Zipes v. Trans World Airlines, 455 U.S. 385, 394 (1982).  As a result, to determine whether a statutory deadline is jurisdictional or claims processing in nature, we examine the "text, context, and relevant historical treatment" of the provision.  Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 166 (2010).  In examining the text, we look at the plain language to determine if it speaks in jurisdictional terms, meaning whether it speaks "to the power of the court rather than to the rights or obligations of the parties."[5]  Landgraf v. USI Film Prods., 511 U.S. 244, 274 (1994) (internal quotation marks omitted).  One way Congress speaks in such terms is when it clearly labels a requirement as jurisdictional.  Reed Elsevier, Inc., 559 U.S. at 166.

Section 6015(e)(1)(A) states that "the Tax Court shall have jurisdiction" if an individual files a petition in the court no later than ninety days after the IRS mails its notice of final

---

[5] Section 6015(e)(1)(A) embodies the obligation of a litigant to seek relief within ninety days after the IRS's final determination and, embedded within it, explicitly states that the Tax Court has jurisdiction if the petition is filed within that deadline.

7

determination. For purposes of this analysis, we must presume that Congress knows that the term "jurisdiction" refers to the authority of a court to hear and decide a case and that it deliberately included that word in the statute. Shendock v. Dir., Office of Workers' Comp. Programs, 893 F.2d 1458, 1462 (3d Cir. 1990) (en banc). Therefore, in circumstances like this, where Congress "clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue." Arbaugh, 546 U.S. at 515-16 (footnote omitted). Accordingly, Congress's explicit statement that § 6015(e)(1)(A)'s time limit is jurisdictional means that it is and that the Tax Court lacks authority to consider untimely petitions.[6]

While we need not analyze the issue further, other tools of statutory construction bolster our conclusion that § 6015(e)(1)(A)'s time limit is jurisdictional. First, the context of the provision—how § 6015(e)(1)(A) fits within the statute as a whole—shows that it is jurisdictional. See Kwai Fun Wong, 135 S. Ct. at 1628. The statute's grant of jurisdiction to the Tax Court and the time limit for activating that jurisdiction are located within the same provision. See §

---

[6] Section 6330, which deals with judicial review of tax levy determinations, contains a similarly worded time limitation that our sister circuits have held to be jurisdictional. 26 U.S.C. § 6330(d)(1) (providing that a "person may, within 30 days of a determination under this section, petition the Tax Court for review of such determination (and the Tax Court shall have jurisdiction with respect to such matter)"); Hauptman v. Comm'r, 831 F.3d 950, 953 (8th Cir. 2016); Gray v. Comm'r, 723 F.3d 790, 793 (7th Cir. 2013).

6015(e)(1); see also Kwai Fun Wong, 135 S. Ct. at 1628 (observing that when Congress separates a filing deadline from a jurisdictional grant the deadline is often not jurisdictional). Moreover, the provision is located within the same subsection of § 6015 that sets forth other conditions that trigger or limit the Tax Court's jurisdiction. § 6015(e)(3) (setting forth the limitations on the Tax Court's jurisdiction); see also Bartman v. Comm'r, 446 F.3d 785, 787 (8th Cir. 2006) (holding that notice of deficiency described in 6015(e)(1) is a jurisdictional prerequisite); Comm'r v. Ewing, 439 F.3d 1009, 1012-13 (9th Cir. 2006) (same). In addition, the filing period and the filing of the petition itself impacts the IRS's ability to begin its collection efforts. More specifically, § 6015(e)(1)(B)(i) provides that no levy or collection proceeding can commence during the ninety-day window to petition for relief or, if a petition is filed in the Tax Court, until the Tax Court's decision becomes final. This further reflects that the ninety-day period is meant to allocate when different components of the tax system have the authority to act and further supports the view that § 6015(e) is jurisdictional. Thus, the structure of § 6015 reflects Congress's intent to set the boundaries of the Tax Court's authority.[7]

---

[7] Petitioner relies on Sebelius v. Auburn Reg'l Med. Ctr., 133 S. Ct. 817 (2013), but it does not help her position. The statute at issue there set forth the time-frame within which a healthcare provider had to file an administrative appeal from a Medicare reimbursement determination. The statute provides that the provider "may obtain a hearing" from the administrative board if "such provider files a request for a hearing within 180 days after the notice of . . . final determination." 42 U.S.C. § 1395oo(a)(3). The Supreme

Second, the Supreme Court has historically found that filing deadlines in tax statutes are jurisdictional because allowing case-specific exceptions and individualized equities could lead to unending claims and challenges and upset the IRS's need for "finality and certainty." Becton Dickinson & Co. v. Wolckenhauer, 215 F.3d 340, 351 (3d Cir. 2000); accord United States v. Brockamp, 519 U.S. 347, 349-54

---

Court held that the 180-day deadline was not a jurisdictional deadline because the provision does not "speak in jurisdictional terms" and "contains neither the mandatory word 'shall' nor the appellation 'notice of appeal,' words with jurisdictional import." Auburn Reg'l Med. Ctr., 133 S. Ct. at 824-25; see also V.L. v. E.L., 136 S. Ct. 1017, 1021 (2016) (reviewing a state statute, which sets forth the conditions under which a child with living parents may be adopted, "does not speak in jurisdictional terms" and observing that its use of mandatory language alone is insufficient to deem jurisdictional). Section 6015(e)(1), in contrast, speaks in jurisdictional terms by it use of the word "shall" and "jurisdiction" in the same sentence.

Moreover, while "filing deadlines ordinarily are not jurisdictional," Auburn Reg'l Med. Ctr., 133 S. Ct. at 825, Congress's use of language that "speaks in jurisdictional terms" makes the deadline jurisdictional. It spoke in such terms in § 6015(e)(1), by using the word "jurisdiction" and structuring the section so jurisdiction is triggered by the timely filing of a petition and its placement of the deadline with other items that related to jurisdiction. As a result, unlike the statute in Auburn, § 6015 "duly instruct[s]" us to treat the ninety-day deadline as jurisdictional. Arbaugh, 546 U.S. at 515.

10

(1997) ("Tax law . . . is not normally characterized by case-specific exceptions reflecting individualized equities."). Rigid deadlines, such as those embodied in the tax law's jurisdictional requirements, promote predictability of the revenue stream, which is vital to the government. See Becton Dickinson, 215 F.3d at 348 (stating that "the nature of the underlying subject matter—tax collection" underscores the need for an emphatic deadline (quoting Brockamp, 519 U.S. at 352)).

For these reasons, the Tax Court correctly concluded that it lacked jurisdiction to consider Rubel's untimely petition. While the IRS's administrative mistake in its March 3, 2016 letter may have contributed to Rubel's delay and resulting inability to have the IRS's innocent spouse determination subjected to judicial review, the ninety-day deadline is jurisdictional and cannot be altered "regardless of the equities" of the case,[8] Becton Dickinson, 215 F.3d at 345; see also Sebelius v. Auburn Reg'l Med. Ctr., 133 S. Ct. 817, 824 (2013) (observing that if a deadline is jurisdictional, it is not subject to equitable tolling). Thus, the Tax Court was required to dismiss the petition.

## III

For the foregoing reasons, we will affirm the Tax Court's dismissal of Rubel's petition for lack of jurisdiction.

---

[8] While the Tax Court and this Court cannot alter a jurisdictional deadline, and the taxpayer is responsible for calculating when the deadline expires, we remind the IRS to exercise care when drafting correspondence to a taxpayer to assure it is accurate.