NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-1743
_____

CHARLES E. GARRETT, III; GILDA T. GARRETT,
Appellants

v.

COMMISSIONER OF INTERNAL REVENUE

_____

On Appeal from the United States Tax Court
(IRS-1 : 17-25282)
Tax Court Judge: Honorable L. Paige Marvel

Submitted Under Third Circuit L.A.R. 34.1(a)
November 1, 2019

BEFORE:  HARDIMAN, PHIPPS, and NYGAARD, *Circuit Judges*

(Opinion filed December 18, 2019)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

NYGAARD, *Circuit Judge.*

The Commissioner of the Internal Revenue Service sent a certified mail joint notice of deficiency and penalties—pursuant to I.R.C. § 6212(a)[1]—to the last known address of appellants Charles and Gilda Garrett. But the Garretts had moved to a new address and never received the notice. They petitioned for a redetermination, claiming that the notice was invalid. The United States Tax Court concluded—pursuant to I.R.C. § 6213(a)[2]—that it lacked jurisdiction because the Garretts' petition was not timely. It granted the Commissioner's motion to dismiss. On appeal, the Garretts continue to claim that the notice is invalid. We will affirm.[3]

To determine whether the Tax Court was correct we must first decide if Section 6213(a) is jurisdictional.[4] Our analysis focuses on the "'text, context, and relevant historical treatment'" of the law.[5] We, first, examine the plain language of

---

[1] 26 U.S.C. § 6212(a).

[2] 26 U.S.C. § 6213(a).

[3] We review the Tax Court's dismissal of the taxpayers' petition for lack of jurisdiction de novo. *Sunoco, Inc. v. Commissioner of Internal Revenue*, 663 F.3d 181, 185 (3d Cir. 2011).

[4] *See Rubel v. Commissioner of Internal Revenue*, 856 F.3d 301, 304 (3d Cir. 2017). A jurisdictional statute in this context is distinguished from a claim-processing statute that does not speak to a court's authority but rather "promote[s] the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011).

[5] *Rubel*, 856 F.3d at 304 (quoting *Reed Elsevier, Inc., v. Muchnick*, 559 U.S. 154, 166 (2010)).

the statute to determine whether the words refer to '"the power of the court rather than to the rights or obligations of the parties."'[6]  Section 6213(a) states as follows:

> Within 90 days . . . after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. . . . The Tax Court shall have *no jurisdiction to enjoin* any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition. Any petition filed with the Tax Court on or before the last date specified for filing such petition by the Secretary in the notice of deficiency shall be treated as timely filed.[7]

Congress spoke in unequivocal terms, stating that the Tax Court "shall have no jurisdiction" unless a petition to redetermine a deficiency is timely filed.[8]  Because it used these words we know that Congress was addressing the court's power, rather than the rights and obligations of the parties.[9]  Moreover, it is noteworthy that the statute specifically addresses which court actions are authorized and prohibited based on a party's compliance with the filing time limit of this petition.  The unambiguous language combined with this tight linkage between the court's authority and a statutory deadline leads inevitably—without resorting to further analysis—to the conclusion that Congress

---

[6] *Id.* (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274 (1994)).
[7] 26 U.S.C. § 6213(a) (emphasis added).
[8] *Id.*
[9] *See Rubel*, 856 F.3d at 305.

3

limited the court's authority to review only Section 6212(a) petitions that are timely filed.[10] Therefore, Section 6213(a) is jurisdictional.[11]

We next review whether the Tax Court correctly determined that the Garretts' petition is untimely. No one disputes the facts on which the Tax Court relied. The Commissioner sent the notice of deficiency by certified mail to the Garretts' address as it was known to the Commissioner on the date it posted, April 10, 2017.[12] The Garretts filed their petition with the Tax Court on December 5, 2017, 239 days after the Commissioner mailed the notice, long after the ninety days mandated by Section 6213(a).

The Garretts argue that the Commissioner knew their new address on April 12, 2017, and that by failing to act on this knowledge (particularly after the notice was returned undelivered) the Commissioner violated their due process rights which invalidated the notice. The Commissioner agrees that the Garretts' address changed in Internal Revenue Service records on April 12, 2017, but relies on I.R.C. § 6212(b) which specifies that notice sent to the taxpayer's "last known

---

[10] *Id.*

[11] This is consistent with jurisprudence acknowledging that filing deadlines in tax statutes are generally treated as jurisdictional because the Commissioner has a demonstrable "need for 'finality and certainty'" to ensure a stream of revenue that is predictable. *Id.* at 306 (quoting *Becton Dickinson & Co., v. Wolckenhauer*, 215 F.3d 340, 351 (3d Cir. 2000) accord *United States v. Brockcamp*, 519 U.S. 347, 349-54 (1997)).

[12] This address is the one that appeared on the Garretts' federal tax return for the year 2015, filed on October 14, 2016. *See* Treas. Reg. § 301.6212-2(a) (The last known address is that which appears on the most recently filed tax return.).

address" is sufficient. Congress designed the requirement in Section 6212(a) that the Commissioner use the last known address to give the Commissioner safe harbor by allowing constructive notice.[13] The Garretts cite to no other portion of this statute that imposes any additional requirements on the Commissioner to provide valid notice. Moreover, examining the equities of individual circumstances, as the Garretts advocate here, runs contrary to the purpose of a jurisdictional filing deadline.[14] Hence, on April 10, 2017, the date the notice posted, the Commissioner fulfilled its requirement for sufficient notice under the law.

Therefore, for all of these reasons, we will affirm the order of the Tax Court.

---

[13] *See Gyorgy v. Commissioner Internal Revenue*, 779 F.3d 466, 473 (7th Cir. 2015); *see also Cropper v. Commissioner Internal Revenue*, 826 F.3d 1280, 1285 (10th Cir. 2016). The Garretts' reliance on *Jones v Flowers*, 547 U.S. 220 (2006) is unpersuasive as it does not refer to a petition for an opportunity to receive prepayment review of a deficiency under Section 6212(a), nor does it refer to Section 6213(a).
[14] *See Brockcamp*, 519 U.S. at 352 ("Tax law . . . is not normally characterized by case-specific exceptions reflecting individualized equities.").