Cadlerock Joint Venture, L.P. v Simms (2025 NY Slip Op 04541)

Cadlerock Joint Venture, L.P. v Simms

2025 NY Slip Op 04541

Decided on August 6, 2025

Appellate Division, Second Department

Brathwaite Nelson, J.P.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-09880
 (Index No. 56760/23)

[*1]Cadlerock Joint Venture, L.P., appellant, 
v
Jerry L. Simms III, respondent.

APPEAL by the plaintiff, in an action to enforce a foreign judgment entered upon default, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, from an order of the Supreme Court (Janet C. Malone, J.), dated October 3, 2023, and entered in Westchester County. The order denied the plaintiff's motion for summary judgment in lieu of complaint and granted that branch of the defendant's cross-motion which was pursuant to CPLR 3211(a)(8) to dismiss the action for lack of personal jurisdiction.

Vlock & Associates, P.C., New York, NY (Stephen Vlock of counsel), for appellant.
Benowich Law LLP, White Plains, NY (Leonard Benowich of counsel), for respondent.

BRATHWAITE NELSON, J.P.

OPINION & ORDER
The Full Faith and Credit Clause of the United States Constitution (see US Const, art IV, § 1) requires that "the judgment of a state court should have the same credit, validity, and effect, in every other court of the United States, which it had in the state where it was pronounced" (Underwriters Nat. Assurance Co. v North Carolina Life & Accident & Health Ins. Guaranty Assn., 455 US 691, 704 [internal quotation marks omitted]). The plaintiff obtained a money judgment in its favor in North Carolina and now seeks to have that judgment recognized in New York in accordance with the Full Faith and Credit Clause. The question presented on this appeal is whether New York must possess personal jurisdiction over the defendant in order for the plaintiff to obtain such recognition and potential enforcement of the judgment in New York. We hold that it does not.
Factual and Procedural Background
On or about March 9, 2007, a default judgment was awarded against the defendant, among others, in North Carolina in the principal amount of $668,404.38. The plaintiff was assigned that judgment in 2012 and, in 2016, sought to renew the judgment in a North Carolina court. The North Carolina court determined that service was properly made upon the defendant, that the defendant defaulted in appearing in the action, and that the principal amount of the debt remained owing. That court issued a renewed default judgment dated March 30, 2017, which is in favor of the plaintiff and against the defendant, among others, in the principal amount of $668,404.38 (hereinafter the 2017 North Carolina judgment).
In February 2023, the plaintiff commenced this action to enforce the 2017 North Carolina judgment by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. In support of the motion, the plaintiff submitted, among other things, evidence that the debt remained substantially unpaid.
The defendant opposed the motion for summary judgment in lieu of complaint and cross-moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the action on the ground of lack of personal jurisdiction. The defendant did not contest the validity of the North Carolina judgment, but rather contended that the New York court lacked in rem jurisdiction or in personam jurisdiction over him, as he was a resident of North Carolina with no assets in or connection to New York. The defendant submitted an affidavit in which he averred that he was a resident of North Carolina, that he had never lived in New York nor conducted any business in New York nor owned any real or personal property in New York, and that he did not maintain any bank or other accounts in New York.
In support of its motion and in opposition to the cross-motion, the plaintiff contended that lack of personal jurisdiction in New York was not a cognizable defense to an action seeking to domesticate a judgment from another state.
The Supreme Court determined that New York lacked jurisdiction over the defendant and, on that ground, denied the plaintiff's motion for summary judgment in lieu of complaint and granted that branch of the defendant's cross-motion which was pursuant to CPLR 3211(a)(8) to dismiss the action for lack of personal jurisdiction. The plaintiff appeals. We reverse.
Discussion
"The concept of full faith and credit is central to our system of jurisprudence. Ours is a union of States, each having its own judicial system capable of adjudicating the rights and responsibilities of the parties brought before it" (Underwriters Nat. Assurance Co. v North Carolina Life & Accident & Health Ins. Guaranty Assn., 455 US at 703-704).
"The very purpose of the full-faith and credit clause was to alter the status of the several states as independent foreign sovereignties, each free to ignore obligations created under the laws or by the judicial proceedings of the others, and to make them integral parts of a single nation throughout which a remedy upon a just obligation might be demanded as of right, irrespective of the state of its origin" (Milwaukee County v M. E. White Co., 296 US 268, 276-277).
The Full Faith and Credit Clause "requires each State to recognize and give effect to valid judgments rendered by the courts of its sister States" (V. L. v E. L., 577 US 404, 406-407).
To facilitate fulfilling this constitutional obligation and to assist in the enforcement of judgments entitled to full faith and credit, the New York Legislature adopted the Uniform Enforcement of Foreign Judgments Act (hereinafter the Foreign Judgments Act) (CPLR art 54), which provides a simple procedure by which a judgment creditor may file an authenticated copy of a judgment rendered by a court entitled to full faith and credit in New York (see id. § 5402[a]). Once filed, and after certain other conditions have been met (see id. §§ 5402[a]; 5403), the foreign judgment shall be treated in the same manner as a judgment of New York and may be enforced in like manner as a judgment rendered in New York (see id. § 5402[b]; art 52). There is no explicit requirement in the Foreign Judgments Act that New York have personal jurisdiction over the judgment debtor before the foreign judgment may be filed and treated as a New York judgment.
A judgment that was obtained by a default in appearance, however, is not eligible for the streamlined process afforded by the Foreign Judgments Act (see id. § 5401). Where a judgment was entered on a default in appearance, full faith and credit may be accorded by the commencement of a plenary action or by a motion for summary judgment in lieu of complaint (see id. § 5406; Madjar v Rosa, 83 AD3d 1011, 1013; Progressive Intl. Co. v Varun Cont., Ltd., 16 AD3d 476, 477; Steinberg v Metro Entertainment Corp., 145 AD2d 333, 334).
The Supreme Court determined that this action could not be maintained because New York lacks personal jurisdiction over the defendant. "The Due Process Clause of the Fourteenth Amendment limits the power of a state court to render a valid personal judgment against a nonresident defendant" (World-Wide Volkswagen Corp. v Woodson, 444 US 286, 291). It "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations'" (Burger King Corp. v Rudzewicz, 471 US 462, 471-472, quoting International Shoe Co. v Washington, 326 US 310, 319).
"By requiring that individuals have fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign, the Due Process Clause gives a degree of predictability to the legal [*2]system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit" (id. at 472 [alteration, citation, and internal quotation marks omitted]).
"A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere. Due process requires that the defendant be given adequate notice of the suit, and be subject to the personal jurisdiction of the court" (World-Wide Volkswagen Corp. v Woodson, 444 US at 291 [citations omitted]).
There is no dispute that New York would lack jurisdiction to pass upon the merits of the controversy underlying the 2017 North Carolina judgment. The plaintiff, however, is not asking the New York courts to consider the merits of the underlying action, only to recognize the judgment entered by the North Carolina court so as to make it enforceable in New York. "A cause of action on a judgment is different from that upon which the judgment was entered. In a suit upon a money judgment for a civil cause of action, the validity of the claim upon which it was founded is not open to inquiry, whatever its genesis" (Milwaukee County v M. E. White Co., 296 US at 275). The full faith and credit obligation with respect to judgments "is exacting" (Baker v General Motors Corp., 522 US 222, 233), and
"[a] State may not disregard the judgment of a sister State because it disagrees with the reasoning underlying the judgment or deems it to be wrong on the merits. On the contrary, 'the full faith and credit clause of the Constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based'" (V. L. v E. L., 577 US at 407, quoting Milliken v Meyer, 311 US 457, 462).
A judgment rendered by another court entitled to full faith and credit generally can only be challenged in another forum upon the ground that the court that rendered the judgment lacked the jurisdiction to do so (see id.; Milwaukee County v M. E. White Co., 296 US at 275-276; Fiore v Oakwood Plaza Shopping Ctr., 78 NY2d 572, 577).
In seeking recognition and enforcement of an out-of-state judgment entitled to full faith and credit, "'the judgment creditor does not seek any new relief against the judgment debtor, but instead merely asks the court to perform its ministerial function of recognizing the [out-of-state] money judgment and converting it into a New York judgment'" (CIBC Mellon Trust Co. v Mora Hotel Corp., 100 NY2d 215, 222, quoting Lenchyshyn v Pelko Elec., 281 AD2d 42, 49). Here, the defendant does not contest the jurisdiction of the North Carolina court or otherwise contend that he was denied due process in that court. He seeks to preclude New York's recognition and possible enforcement of the 2017 North Carolina judgment on the ground that New York lacks personal jurisdiction over him. "The Full Faith and Credit Clause . . . makes the valid in personam judgment of one State enforceable in all other States" (Shaffer v Heitner, 433 US 186, 210). The judgment debtor's liberty interest that is protected by the Due Process Clause of the Fourteenth Amendment is satisfied by the debtor's relationship to the state that rendered the judgment in the first instance and the opportunity to litigate the merits there. Recognition and enforcement of that judgment in New York, which cannot review the underlying merits, does not offend due process where the judgment debtor has not challenged the jurisdiction of the issuing court (see Abu Dhabi Commercial Bank PJSC v Saad Trading, Contr. & Fin. Servs. Co., 117 AD3d 609, 612-613; Lenchyshyn v Pelko Elec., 281 AD2d at 47-48).
"Once it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, whether or not that State would have jurisdiction to determine the existence of the debt as an original matter" (Shaffer v Heitner, 433 US at 210 n 36; see Milwaukee County v M. E. White Co., 296 US at 277 ["In numerous cases this court has held that credit must be given to the judgment of another state, although the forum would not be required to entertain the suit [*3]on which the judgment was founded"]).
Accordingly, we hold that New York need not possess personal jurisdiction over the defendant judgment debtor in order to recognize and domesticate a judgment entitled to full faith and credit.
The defendant correctly contends that, although the 2017 North Carolina judgment must be given res judicata effect, the Full Faith and Credit Clause does not obligate New York to utilize its own courts to enforce the 2017 North Carolina judgment (see Anglo-American Provision Co. v Davis Provision Co., 191 US 373, 374). Nonetheless, "New York has traditionally been a generous forum in which to enforce judgments for money damages rendered by foreign courts," in part to promote the efficient enforcement of its own judgments outside of New York (CIBC Mellon Trust Co. v Mora Hotel Corp., 100 NY2d at 221). The defendant has presented no compelling reason why that practice should not be adhered to in this case.
The defendant also contends that he has no assets in New York that would be subject to enforcement. This speaks not to the court's ability to recognize and domesticate the 2017 North Carolina judgment, but rather to the ability of the plaintiff to actually enforce the debt in New York, an issue that is not before this Court (see Lenchyshyn v Pelko Elec., 281 AD2d at 49-50; see generally CPLR art 52; Plymouth Venture Partners, II, L.P. v GTR Source, LLC, 37 NY3d 591, 614-617 [Wilson, J., dissenting (observing the limitations of a court without jurisdiction to engage certain enforcement mechanisms)]).
Finally, the defendant's reliance on dicta in this Court's determination in Cadle Co. v Ayala (47 AD3d 919) is misplaced, as the question of personal jurisdiction was not raised by the defendant there.
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment in lieu of complaint and denied that branch of the defendant's cross-motion which was pursuant to CPLR 3211(a)(8) to dismiss the action for lack of personal jurisdiction. Thus, the order is reversed, on the law, the plaintiff's motion for summary judgment in lieu of complaint is granted, and that branch of the defendant's cross-motion which was pursuant to CPLR 3211(a)(8) to dismiss the action for lack of personal jurisdiction is denied.
CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment in lieu of complaint is granted, and that branch of the defendant's cross-motion which was pursuant to CPLR 3211(a)(8) to dismiss the action for lack of personal jurisdiction is denied.
ENTER:
Darrell M. Joseph
Clerk of the Court