WHATLEY, Judge.
Lara Embry appeals an order dismissing with prejudice her petition for declaratory relief and petition to determine parental responsibility, contact and support as to her adopted daughter. The trial court dismissed the petitions after finding that the adoption judgment, which was entered in the state of Washington, need not be recognized in Florida. We reverse.
In 2000, Embry and Kimberly Ryan, the child’s biological mother, were engaged in a romantic relationship while living in the state of Washington. Ryan gave birth to the child on February 12, 2000, and Embry adopted her on May 10, 2000. After moving to Florida, the parties ended then-relationship in 2004. During that same year, the parties entered into a child custody, visitation and property settlement agreement. Apparently, the relationship between the parties further deteriorated, and in October 2007, Ryan refused to allow Embry to have any visitation with the child. Embry thereafter filed the petition for declaratory relief and petition to determine parental responsibility, contact and support. Ryan moved to dismiss Embry’s petitions, arguing that Florida was not required to give full faith and credit to the Washington adoption because, Ryan alleges, it is contrary to the public policy of Florida prohibiting same-sex couple adoptions. We reverse because the trial court was required to give the Washington adoption judgment full faith and credit.[1]
The United States Constitution’s Full Faith and Credit Clause provides as follows: “Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.” U.S. Const. art. IV, § 1. In interpreting the Full Faith and Credit Clause, the United States Supreme Court has held that “[a] final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land.” Baker v. Gen. Motors Corp., 522 U.S. 222, 233, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998). Further, the *410 Court held that there are no public policy exceptions to the full faith and credit which is due to judgments entered in another state. Id.
We note that Florida law specifically provides that adoption decrees from other states must be recognized in this state:
A judgment ... establishing the relationship [of parent and child] by adoption issued pursuant to due process of law by a court of any other jurisdiction within or without the United States shall be recognized in this state, and the rights and obligations of the parties on matters within the jurisdiction of this state shall be determined as though the judgment were issued by a court of this state.
§ 63.192, Fla. Stat. (2007) (emphasis added).[2] Embry therefore must be given the same rights as any other adoptive parent in Florida.
Therefore, regardless of whether the trial court believed that the Washington adoption violated a clearly established public policy in Florida, it was improper for the trial court to refuse to give the Washington judgment full faith and credit.
Accordingly, we reverse the order granting Ryan’s motion to dismiss and remand for further proceedings consistent with this opinion.
VILLANTI, J„ Concurs.
FULMER, J., Concurs specially.

. During oral argument, counsel for Ryan conceded that the trial court was required to recognize the Washington judgment.

. Section 63.172(1)(c), Florida Statutes (2007), also provides that an adoption judgment, whether entered by a court of this state or another state, has the effect of creating a relationship between the adopted child and the petitioner that would have existed if the adopted child were a blood descendant of the petitioner.